### BROWN *v.* SCHIAPPACASSE.

1. LEASE—COLLATERAL LICENSE—COVENANTS.

A lease provided for the renting of " one-half of cellar in front of stairway * * * in store * * *, corner of C. street. I consent to his occupying the side of said store on C. street, from rear of show window at corner of C. street to entrance to cellar, as a fruit and nut stand, on the sidewalk next to the building,—for " a certain term. The lease contained the usual covenant for quiet and peaceable possession. *Held,* that the cellar alone was rented, and a mere license given to occupy the sidewalk space, to which the covenant did not apply.

2. SAME—INTENT—QUESTION FOR COURT—PAROL EVIDENCE.

The lease being unambiguous in its terms, what the parties intended by the language employed was a matter of law for the court, to be determined from an examination of the instrument itself, without the aid of parol evidence.

Error to Wayne; Hosmer, J. Submitted October 14, 1897. Decided November 17, 1897.

*Assumpsit* by William J. Brown against Louis Schiappacasse for rent. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Bowen, Douglas & Whiting,* for appellant.

*Walter Ross (George H. Prentis,* of counsel), for appellee.

LONG, C. J. On February 28, 1889, one J. C. Mueller made, executed, and delivered to the defendant a written lease of certain premises in Detroit. The lease provides:

"The said party of the first part, in consideration of the rents and covenants herein specified, does hereby let or lease to the said party of the second part the following described premises, situate and being in the city of Detroit, Wayne county, State of Michigan, to wit: One-half of cellar in front of stairway leading down from G. Murray's saloon in store 110 Woodward avenue, corner of Congress street. I consent to his occupying the side of said store on Congress street, from rear of show window at corner of Congress street to entrane to cellar, as a fruit and nut stand, on the sidewalk next to the building, —for the term of six years from and after the 1st day of May, 1889, on the terms and conditions hereinafter mentioned, to be occupied for fruit and nuts, and in no case to be used for any business deemed extra hazardous on account of fire."

The lease contained the usual covenants for quiet and peaceable possession of the premises demised, and for the payment of rent of $300 per year, payable monthly, in advance. The defendant went into possession of the premises, and continued to occupy them, except as will be hereafter stated. All the rights of Mueller under this lease were assigned to plaintiff in January, 1890. This action was brought to recover the rents claimed to be due on the lease from May 10, 1894, to and including January, 1895, at $25 per month.

On the trial in the circuit court, the defendant testified that he occupied the whole of the premises, including the sidewalk space, up to May 10, 1894, when the city of Detroit caused his sidewalk stand to be removed, and since that time he has not been permitted by the city to occupy that space. The defendant offered to show that, for many years prior to the time when this lease was made, the city of Detroit had permitted sidewalk spaces to be occupied for fruit stands, and that such fruit stands were so occupied by the consent of the owners of the premises; that the fruit-stand privilege was the principal part of the

value of the premises to the lessee; and that the license to so occupy the sidewalk, being incorporated in the lease, is, in effect, a covenant for occupancy, and forms a part of the consideration of the lease. The court refused to permit this showing to be made, and held that the common council had the power to regulate all matters pertaining to the streets, and that the parties must have contemplated that at the time the lease was made; that the language in the lease, so far as it related to the sidewalk privilege, must be construed as a mere license, so far as the grantor could give such license. At the close of the testimony, counsel for defendant asked the court to charge the jury, substantially:

1. That, if they found that the valuable part or consideration of the lease was the occupancy of the sidewalk, the consideration failed when the city removed the business therefrom, and the plaintiff could not recover.

2. That, by the terms of the lease, it was covenanted that defendant should have the quiet and peaceable possession of the premises intended to be occupied, and that this covenant applies to the sidewalk space; and if such covenant was broken without the fault of defendant, and he was not permitted to peaceably occupy the premises rented, plaintiff could not recover.

3. That if they believed from the reading of the lease, and from the circumstances of the case, that it was the intention and understanding of the parties that the valuable part of the lease and consideration therefor was the occupancy of this sidewalk space, and the occupancy of the cellar was only incident thereto, then the plaintiff could recover, in any event, only such amount in rent as the cellar alone was worth.

4. That the taking away of the use of the sidewalk space was such a failure of consideration that plaintiff could not recover.

These requests were refused, and the court instructed the jury that the lease was an agreement only for the use of the cellar for a specified term, and that the privilege of occupying the sidewalk space was a mere license on the part of the lessor, in so far as it was in his power to give

it; that the covenant for quiet and peaceable possession and enjoyment of the premises had relation only to the cellar, and not to the sidewalk space. The court thereupon directed the jury to find for the plaintiff for the amount which he claimed he was entitled to recover. The verdict and judgment were for plaintiff for $193.86.

It is the contention of counsel for defendant that the lease is ambiguous in its terms, and that parol evidence was admissible to show the circumstances under which it was made; that they should have been permitted to show that the defendant had no use for this small cellar except as incident to his fruit-stand business on the sidewalk. We think the court was not in error in its interpretation of the lease, and in holding that parol evidence could not be introduced to vary or contradict its terms. Taking the whole instrument together, it is evident that it was the cellar only that was rented. It is true that the lease states, "I consent to his occupying the side of said store on Congress street," etc., but, as observed by the court below, it was but a mere license to'do so, and the covenant for quiet and peaceable possession cannot be regarded as having application to that clause. What the parties intended by the language employed in the lease was a matter of law for the court, and not a question for the consideration of the jury. The intent of the parties was to be found by an examination of the whole instrument, and from such reading it is evident that the parties must have understood that the common council of the city had absolute control over the streets; that no one could let a privilege to occupy the streets without the permission of the common council. It was this view of the matter, undoubtedly, which led the lessor to insert.in the lease a mere permission or license to occupy the walk.

We find no error in the case, and the judgment must be affirmed.

The other Justices concurred.