BAER *v.* MINOCK.

LEASE—CONTRACT IN WRITING—CORRESPONDENCE—AMBIGUITY.
Where, in pursuance of oral negotiations concerning a lease, plaintiff wrote defendant; "Herewith please find receipt for advance rent on premises, beginning May 1st; rent $25 per month, first six months," and defendant replied, "All is right," there was a written contract of leasing for a term of six months.

Error to Wayne; Hosmer, J. Submitted October 10, 1901. Decided December 3, 1901.

*Assumpsit* by John D. Baer against John K. Minock for rent. From a judgment for defendant, plaintiff brings error. Reversed. ·

*Bacon & Yerkes,* for appellant.

*James H. McDonald,* for appellee.

MOORE, J. The plaintiff advertised his store building in Detroit for rent. The defendant replied thereto by letter. As a result, Mr. Minock came to Detroit, looked over the premises, and with Mr. Baer drove around the vicinity of the store, and after some conversation, according to the claim of the plaintiff, offered him $10 "for the rent of the building at $25 a month for the first six months, payable in advance," providing that plaintiff build a barn on the premises for use in the hay and feed business, which Mr. Minock contemplated conducting in connection with a meat and grocery store, which offer was accepted by Mr. Baer, who sent Mr. Minock a letter the following day (April 21, 1900), stating the terms of the agreement in accordance with their conversation, in which it was stated, "Herewith please find receipt for advance rent on room 686 Third Ave., beginning May 1st, 1900; rent $25 per month, first

six months." It also contained information concerning the building of the barn. Mr. Minock replied thereto by letter dated April 24, 1900, in which it was stated: "All is right. I am loading two cars with hay and produce, and will be in Detroit as quick as I can." Mr. Minock went into possession, and paid $25 in advance for the rent of the building, and before June 1st vacated the store, and left the keys at the baker's shop, next door. Mr. Baer did not accept the surrender of the premises, but demanded the rent of Mr. Minock for each month as it accrued. He refused payment, and Mr. Baer commenced suit in justice's court July 11, 1900, to recover the accrued rent. The case was appealed to the circuit court, where a jury rendered a verdict in favor of defendant. Plaintiff brings error.

We do not deem it necessary to discuss all the assignments of error, as a disposition of one of them disposes of the case. The court was asked to charge the jury that the contract was in writing, but declined to do so. He said to the jury:

"About the only thing for you to decide in this case is what the contract between the parties respecting the leasing of the premises on Third avenue was. You have heard the testimony in this case, and it appears from the testimony of both that they met here in the city of Detroit, and that Mr. Minock and Mr. Baer went up to the premises and drove around the surrounding streets, or the streets in the immediate vicinity; that, when they parted, Mr. Minock at that time paid him $10 upon the lease of the premises. Their stories did not agree as to what the lease was. Mr. Baer tells you it was a lease for six months; Mr. Minock tells you it was simply a lease from month to month; and it is for you, I think, to decide which is correct. Now, after they separated, Mr. Baer wrote this letter, which I will read as far as is essential, though I shall not read the entire letter:

" 'DETROIT, MICH., April 21, 1900.

" ' J. K. MINOCK, Esq.

" ' *Dear Sir:* Herewith please find receipt for advance rent on room No. 686 Third avenue, beginning May 1st, 1900; rent $25 per month, first six months.'

"On the 24th of April Mr. Minock answered the letter as follows:

"'*Dear Sir:* I received your letter. All is right. I am loading two cars with hay and produce, and will be at Detroit as quick as I can.'

"Now, these letters, together with the conversation they had, I think, constitute all the evidence from which you are to deduce the terms of the contract between them. You may consider these letters as bearing upon the question. If it were not for the fact that I believe 'rent $25 per month, first six months,' is ambiguous, I think it would be doubtless true that the contract would exist in writing; but I am not prepared to say to you that 'rent $25, first six months,' relates to the term for which the premises were leased. You may find that it does so relate to the term, and you may find from the oral contract, from the testimony of Mr. Baer, and from this letter, and the answer, 'All is right,' that it was for six months; but I do not think that the phrase 'rent $25 per month, first six months,' necessarily refers to the term. It may be expressive of the rent alone; that is to say, you may find that the rent was payable at $25 per month, and was to continue for six months if he stayed that length of time."

We cannot agree with the learned circuit judge that there is anything ambiguous about this correspondence. The defendant says he does not remember getting the letter of April 21st, but does not deny getting it, and clearly the letter of April 24th is in answer to it. The construction of the contract was for the court, and not for the jury. *Battershall* v. *Stephens*, 34 Mich. 68; *Wagner* v. *Egleston*, 49 Mich. 218 (13 N. W. 522); *Brown* v. *Schiappacasse*, 115 Mich. 47 (72 N. W. 1096); *Ranney* v. *Higby*, 5 Wis. 62; *Scanlan* v. *Hodges*, 3 C. C. A. 113, 52 Fed. 354. Under the proofs the plaintiff was entitled to an instruction to the jury that he was entitled to recover two months' rent. *Scott* v. *Beecher*, 91 Mich. 594 (52 N. W. 20).

Judgment is reversed, and new trial ordered.

MONTGOMERY, C. J., HOOKER and LONG, JJ., concurred. GRANT, J., did not sit.