Mills, plaintiff in error, *vs.* Spencer, defendant in error.

The plaintiff sold and delivered to J. P. S. certain goods, taking from him a mortgage thereon for the purchase money. The defendant agreed with plaintiff in writing that the goods so sold should at all times remain in the possession of the purchaser, ready to be re-delivered upon the default of any payment, (*except what had been sold from day to day at regular sales,*) and that if, upon default of payment, there should not be sufficient goods to liquidate the sum remaining due on the chattel mortgage, the balance should be made up by defendant. *Held,* that the defendant was liable for the whole deficiency, without regard to the manner in which the goods had been disposed of, and not merely for such portions as plaintiff could show had been diverted from the ordinary sales by the purchaser.

When by the terms of said contract, it was provided that in the event the plaintiff should re-take said goods, " the same should be invoiced and applied," an

averment in the declaration that plaintiff "did proceed to take possession of the remaining goods, and invoice the same, to wit: at," &c., sufficiently shows how, when, where, and by whom such invoice was made; and *held*, that such invoice was a compliance with the contract in that respect.

A declaration upon such contract, setting forth the amount of the purchaser's original indebtedness for said goods, is not defective in omitting to state the amount due the plaintiff after the goods so inventoried have been applied, and the non-payment of that amount.

But if such averment could, under the strict rules of common law pleading, be held necessary upon demurrer, it cannot be so alleged on error, after judgment.

An averment that the invoice of goods so made amounted to a certain sum, leaving a deficiency of a certain sum, and which last was due the plaintiff, is a sufficient averment under Sess. Laws, 1849, p. 279, sec. 26, regulating pleadings in County Courts.

Error to Kent Circuit.

The plaintiff in error entered into an agreement with the defendant in error in the words following : "Whereas, Beach G. Spencer, of Grand Rapids, Michigan, has, this nineteenth day of February, 1850, sold and delivered his entire stock of goods in trade as per invoice, to James P. Scott, of the village of Grandville, in said State, amounting in all to the sum of eight thousand four hundred and twenty-four dollars and twenty-three cents.

"Whereas, the said James B. Scott, for the purpose of securing the payment of the amount of said purchase, has made and executed to the said Beach G. Spencer, his six several promissory notes, bearing even date herewith—one note for six hundred and twenty dollars and thirty-six cents, payable the first day of May next, at Chicago; one note for ten hundred and ninety, ten one-hundredth dollars, payable the third day of September next; three several notes for seventeen hundred and seventy-three dollars and fifty-six cents, and payable the thirty-first day of August, the thirty-first day of October, and the thirty-first day of December next, severally; one note for thirteen hundred and ninety-three dollars and nine cents, payable the twentieth day of February, 1851; interest after six months at six per cent.

" And whereas, the said James P. Scott did, upon the sale above mentioned, and the execution of the said notes, for the purpose of securing the payment of the said purchase and the said notes, make and execute a chattel mortgage to the said Beach G. Spencer, upon all the goods so purchased and made payable at their several dates and times the said notes above mentioned become due and payable, and corresponding in amounts with the said notes.

" Now, therefore, in consideration of the premises, I, George M. Mills, agree to and with the said Beach G. Spencer, that the said goods so sold to the said James P. Scott, and so mortgaged by him to the said Beach G. Spencer, shall at all times be and remain in the possession of the said James P. Scott, ready to be delivered over upon default of any payment as the said Scott has agreed, (except what has been sold, from day to day, at regular sales;) that the same shall not be diverted from the payment and discharge of the said notes or mortgage, and that, in the event the said Beach G. Spencer shall, at any time, for non-payment, take possession of said goods by virtue of his chattel mortgage, the same shall be invoiced and applied on the said chattel and notes given by the said Scott at the prices so invoiced. Should there not be sufficient goods to liquidate the amount then remaining unpaid on the said notes and chattel mortgage, the balance shall be made up and paid by the said Mills to the said Beach G. Spencer: Provided, that if I, the said Mills, at any time hereafter, feel dissatisfied, or that the said Scott is not able from any cause, either from neglect or illness, to continue the business in a profitable and useful manner, and desires the business closed, upon notice in writing to said Spencer, of three days, if he shall be at Grand Rapids, and thirty days' written notice if elsewhere, to take possession of said goods after the said notice given, the said Mills shall be released from this obligation.

(Signed.)    G. M. MILLS.

" Grand Rapids, Feb. 20th, 1850."

The declaration contained four counts, the third of which set forth the foregoing instrument *in hæc verba*, averring the delivery of the goods mentioned in said agreement to James P. Scott on credit, as therein specified, at the request of the defendant, for the invoice price of eight thousand four hundred and twenty-four dollars and twenty-three cents, agreed upon between the said plaintiff and defendant; and further averring that, afterwards, and after the delivery of said goods, &c., and the execution of the said agreement, and on the 9th day of June, A. D. 1850, the defendant below gave written notice to the plaintiff below to take possession of said goods, &c.; in accordance with the said agreement; and further, that in pursuance of said agreement and notice, the plaintiff below did take possession of the said goods, &c., remaining on hand in the possession of the said J. P. Scott, on the 12th day of June, A. D. 1850, and invoiced the same. And it further averred that upon such invoice of goods, &c., the same amounted to the sum of five thousand eight hundred and twenty-five dollars and fifty-nine cents, leaving a deficiency of two thousand five hundred and eighty-eight dollars and sixty-four cents, which the said plaintiff claimed to be due him from said defendant with interest, according to the tenor and effect of said agreement, and the neglect of the said defendant to pay, &c. And the declaration concluded with the common breach as to all the counts.

To the several counts the defendant below plead the general issue, and gave notice of special matter; the cause was tried by a jury, who found a general verdict, and assesed the plaintiff's damages at two thousand dollars, upon which final judgment was duly entered.

In this condition the record was removed by writ of error to this Court, wherein the defendant below assigned for error—

1. That said Spencer has not made such a case in the third count of said declaration, or in the breach thereof, as entitles

him to a recovery against said Mills for any deficiency of the goods in said count mentioned, at the time of said Spencer's taking possession of the same, under the notice of said Mills, as it does not appear by said agreement that said Mills was to incur any liability in such a contingency.

2. That it is not averred in said count or breach that said goods did not remain in possession of said Scott, ready to be delivered to said Spencer for the object and purposes in said agreement mentioned, or that said goods had been diverted from such objects or purposes; nor how, when, or by whom said invoice was made of said goods, or the same were appraised.

3. That it does not appear by said count what proportion of said goods had been sold at regular sales from day to day, as contemplated by the exceptions in said agreement—or that said pretended deficiency existed, aside from the goods sold at daily sales.

4. That there is a want of sufficient consideration for the alleged promise and agreement set forth in said count.

There was a joinder in error.

*A. D. Fraser*, for plaintiff.

1. If entire damages be assessed, and any one or more of the counts be bad or inconsistent, judgment may be arrested, because it must be intended that some part of the damages was assessed upon these counts. (1 *Tidd.* 802.) The same rule holds where the judgment was upon default or demurrer. (5 *J. R.* 430, 476.) Error lies for the insufficiency of the declaration. (6 *Mass.* 449.) Even an assignment of a breach by way of recital is bad on general demurrer, arrest of judgment, or on error. (4 *Hen. & Munf.* 277.) "Whatever qualifies the contract or goes in discharge of the liability of the defendant, must be stated." (1 *Chit. Pl.* 268, *and cases cited.*) The breach should be assigned in the words of the contract either negatively or affirmatively, or in words which

are co-extensive with the import or effect of it. (1 *Chit. Pl.* 290; 2 *Sand. R.* 181, *note* 10; 6 *Taunt.* 140; 1 *Marsh,* 495; 1 *Sid.* 440.)

2. This is the contract of a surety; and it is a well established rule of law that a claim against a person occupying such position, is *strictissimi juris*—his contract cannot be carried beyond the strict letter of it. (2 *E. C. L.* 352; 8 *Ib.* 380; 2 *T. R.* 370; 2 *Taunt.* 206; *Burge on Surety,* 40.) As against a surety, literal performance must be shown. (11 *E. C. L.* 224; 5 *Pet. Cond. R.* 728-9; 16 *M. & W.* 112; 15 *Pet.* 208-9.)

3. The true object of inquiry then is, what is the meaning of the particular clause of the agreement, the breach of which is here complained of in the *third* count? Certain familiar rules of construction may be here referred to, which are applicable to this case. The parties have chosen to express themselves in plain terms, and the words must receive their common meaning and acceptation. (1 *Taunt.* 417.) An express particular covenant will qualify the generality of an implied one. (4 *Taunt.* 329; *Platt on. Cov.* 170.) The ordinary and more extensive meaning of words used in an agreement ought to be departed from when they involve an absurdity and entail upon the contractor a disproportionate responsibility, which it cannot reasonably be presumed he meant to assume. This forms an exception to the rule that a contract shall be taken most strongly against the promissor himself. (*Chit. on Cont.* 83.) Again, this rule is calculated and intended to defeat studied ambiguity and deceitful intricacy of expression, but it is considered a rule of some strictness and rigor, and the last to be resorted to, and is never to be relied on but when other rules of construction fail. (*Chit. on Cont.* 97, *and cases cited.*)

The breach assigned does not come within the terms of the contract; and hence the verdict or judgment cannot be sustained.

*Backus & Harbaugh*, for defendant in error.

1. The declaration is sufficient to sustain the judgment after verdict. When a pleading is faulty in omitting some particular fact or circumstance, without which judgment ought not to have been rendered, but which is nevertheless inplied from the finding of facts expressly alleged, the pleading is aided by the verdict. In other words, the Court must presume the fact or circumstance omitted, was proved to the jury. (*Gould Pl.* 496; *Doug.* 676.)

1. Where statement of the plaintiff's cause of action, and that only is defective, the defect is cured by general verdict. (*Gould Pl.* 497; 1 *Chit. Pl.* 713; *Doug.* 683; 1 *Sand.* 228; 3d *Bl. Com.* 395; *Bac. Abr'gt. Verdict X.;* 4 *T. R.* 472; 2 *Burr,* 1159; 2 *Mass.* 522; 1 *Sumner Rep.* 319.) The Court must, in support of such verdict, presume everything to have been proved, without proof of which the jury could not have truly found as they did. (*Gould Pl.* 498; 1 *Chit. Pl.* 714; 1 *Salk.* 130; *Cowp.* 827.) But aside from the foregoing rule on the doctrine of intendment at Common Law, the Statute of Anne, which has been enacted in this State, and of Jeofails, will save any defect in the present pleadings. (*R. S.* 441, *sec.* 19; *Ib.* 472.)

2. Applying the foregoing principles to the declaration in question, the special assignments of error to the third count are badly taken.

1. The averments in said count come fully up to the strictest rule required in framing a declaration—that of certainty to a certain intent in general. (1 *Chit. Pl.* 268, 272, 286; *Gould Pl.* 82, 83, 84, 181.) On this point there is some conflict of authority, and a lower rule of certainty to a common intent is only required. (1 *Chit. Pl.* 269 ; *Hildreth* vs. *Becker,* 2 *J. C.* 339; 2 *Mass.* 363.)

Under either rule this pleading is good; the defect, if any there be, is want of certainty, and this is always aided by verdict at common law, or even by defendant's pleading to

the declaration. (1 *Chit. Pl.* 291; 1 *Saund.* 228; 2 *B. & P.* 265; 2 *Saund.* 74.) For, after verdict, an expression must be held in such sense as would sustain the verdict. (1 *Chit. Pl.* 274; 1 *B. & C.* 297; *Cowp.* 825.)

2. There is in said third count, a sufficient consideration for the said promise and agreement set forth. The declaration in said count alleges—

1. That in consideration that the plaintiff would, at the special instance, &c., of the defendant, sell and deliver to one James P. Scott a certain lot of goods, &c., and the defendant undertook, &c., that he, the defendant, would be accountable for the same according to the terms of a contract therein set out.

2. By the express terms of the contract, which is set out in and forms a part of this count, the defendant's undertaking is described as being in consideration of the premises, to wit: the sale and delivery, by the plaintiff, of goods to J. P. Scott, it is there averred that the plaintiff did sell and deliver the said goods, &c., to the said Scott, at the special instance, &c., of the defendant, whereby he became liable, &c. This is a sufficient consideration for the agreement and promise. The consideration is the sale and delivery of the goods, and it is well averred. All these facts the jury, by their verdict, have found; and it is sufficient, both at Common Law and by Statute, for the jury ought not to have found such a verdict without proving a consideration. (*R. S.* 472.) A sufficient consideration may be defined to be any the slightest benefit conferred by the plaintiff on the defendant or a third person, or the sustaining the least injury, inconvenience, or detriment by the plaintiff, or subjecting himself to any obligation, without benefitting the defendant or any other person. (*Chit. on Con.* 7; 2 *Pet.* 182; 4 *East.* 194, 463.) And in a written agreement within the statute of frauds, the consideration need not be expressed in writing, but may be proved *aliunde* the writing. (*R. S.* 327.) In pleading after verdict, a defective statement of the consider-

ation will be aided. (1 *Chit. Pl.* 329; 2 *B. & P.* 265; 4 *East.* 464.)

By the Court, JOHNSON, J.

The first error assigned by plaintiff is as follows, viz: "That the said Spencer had not made such a case in the third count of said declaration, or in the breach thereof, as entitles him to a recovery against said Mills for any deficiency of the goods in said count, mentioned at the time of said Spencer's taking possession of the same under the notice of said Mills, as it does not appear by said agreement that Mills was to incur any liability in such a contingency."

This involves a construction of the contract upon which the defendant, who was the plaintiff below, sought to recover.

The record shows in this case that notice was, subsequent to the date of the contract, given by the said Mills to the defendant, in pursuance of the proviso in said contract; that upon such notice the defendant took possession of the goods, and upon an inventory there was found to be a deficit of $2,588 64, which he claimed to be due from the plaintiff in error.

The main question for our consideration is, the construction of this contract. The plaintiff contending that by the terms of the contract, he cannot be made liable for the whole deficiency of the goods, including the ordinary sales from day to day, but only for such portions thereof as the plaintiff below should show on the trial of the cause, to have been diverted from the ordinary sales by the defendant. While on the other hand, it is contended that the plaintiff is liable for the whole of the deficiency, without reference to the manner in which they were disposed of. And it is in view of this construction of the contract, that the plaintiff below has framed his declaration.

In the construction of a contract, we are to look for the intention of the parties. For this purpose we look at the

whole contract, and when such language is used between the parties as to render it doubtful and uncertain what they did mean, we are at liberty to look beyond the contract, to ascertain the condition of the respective parties, the subject matter about which they contracted, and to every thing except the contemporaneous and previous declarations of the parties, for the purpose of enabling us to discover, if possible, that intention.

But these rules are not applicable, nor are we allowed to resort to them, when the language expressive of the intention of the obligor is free from all doubt and uncertainty. In such a case there is nothing for the Court to do; the contract as thus expressed must be the contract of the parties.

By referring to what immediately precedes the proviso in the foregoing contract, it will be seen that there is a clear, positive, and unequivocal agreement, on the part of Mills, to pay the whole deficiency. The language is this: "Should there not be sufficient goods (referring to the goods to be invoiced and applied on the chattel mortgage) to liquidate the amount then remaining unpaid on the said notes and chattel mortgage, the balance shall be made up by the said Mills to the said Beach G. Spencer."

This language is unqualified by any other portions of the contract. The proviso immediately following enables Mills to put an end to his liability, in case the defendant should neglect to take possession of the goods within a certain time after notice. The previous exception in the contract has relation to that part of the agreement wherein Mills engages that the goods in question shall remain in Scott's possession, and ready to be delivered over to Spencer on the mortgage, in case of Scott's default to pay, and was for the especial benefit of Scott, to enable him to do an ordinary retailing business.

We are, therefore, clearly of the opinion, that by this contract Mills undertook and promised to pay the whole amount of such deficiency, without reference to the manner in which

the goods were disposed of, and consequently that the declaration is not defective in that particular.

The second and third assignments of error are substantially the same as the first, except it was assigned as an error in one of them that it did not appear how, when, or by whom said invoice was made. The contract does not express in terms who shall make the invoice. It says that in the event the defendant takes possession of the goods, "the same shall be invoiced and applied." The declaration alleges that in pursuance of the written notice and request of the defendant, "he (plaintiff below) did proceed to take possession of the remaining goods on hand, in possession of James P. Scott, and invoiced the same, to wit: on the 18th day of June, 1850, at Grand Rapids, aforesaid," so that it does appear how, when, where, and by whom said invoice was made, and that such invoice was a compliance with the contract in that respect.

The last and remaining error assigned is, "that there is a want of a sufficient consideration for the alleged promise and agreement set forth in said count." This and the last error must have been assigned without a very careful examination of the record, as it is expressly averred in said third count that this undertaking and promise was in consideration of the sale of the goods from the defendant to Scott, at the special instance and request of the said plaintiff.

This, then, disposes of all the questions properly raised by the errors assigned, but it was insisted on the argument by the plaintiff's counsel, and no objection was made to it by the counsel for the defendant, that, giving *this* construction to the contract in question, yet the said third count of the plaintiff's declaration was defective in not stating the amount due from Scott to the plaintiff upon the notes and mortgage, after the application of the goods inventoried; and in not averring in the assignment of the breach, the non-payment of *that* amount, because, though there might be a deficiency, the de-

fendant, Mills, would not be liable beyond the actual amount due from Scott to Spencer.

The first statement was unnecessary, because the amount of the original indebtedness is recited in the plaintiff's bond, which was set forth in the declaration, and that was sufficient. The plaintiff in error could not deny it, and a special averment of Scott's liability was no more necessary than the averment of the liability of the maker of a promissory note, after the note has been set forth in the declaration, which has been long since held otherwise; but if such an averment could be held necessary by the strict rules of common law pleading upon a demurrer, no pretence could be urged for a similar holding upon error after judgment, and that, too, under the very liberal statute of 1849, under which this declaration was filed.

The second averment, too, in the assignment of the breach, is, we think, substantially made. The plaintiff in his declaration, after stating the making of the inventory, " avers that the invoice of said goods, wares, and merchandise so made, amounted to the sum of $5,835 59, leaving a deficiency from the previous invoice, as plaintiff avers, of a large sum, to wit: $2,588 64, *which last amount the plaintiff claims to be due him, with interest, from the defendant.*

This suit was commenced and declaration filed in the County Court. The Session Laws of 1849, sec. 26, regulating pleading in that Court, required but a brief statement of the plaintiff's claims or demand, without regard to any form before that time used. The statute seems to have required that the plaintiff should, in some manner, set forth sufficient to fairly apprise the defendant of what he had to meet. Can there be any pretense here that the defendant was taken by surprise, that he did not understand the nature of the plaintiff's claim? The averment that the plaintiff claimed such deficiency with the interest to be due him from defendant, when taken in connection with what preceded it, was sub-

stantially equivalent to an averment that no part of that debt had been paid by Scott.

The judgment, therefore, of the Court below must be affirmed, with costs of this Court.