JACOB K. WAGNER v. LORENZO EGLESTON.

*Contracts—Interpretation—Offer and acceptance—Statute of frauds.*

An offer to sell out at a certain figure was made by one of two partners to the other, but the latter, instead, sold out to the first. The offer, however, was afterwards extended, and just before the extension ran out, the partner to whom it was made, and who had transferred his own interest, tendered the sum named and demanded a conveyance, which was refused. *Held*, that the acceptance was not merely of the interest held at the date of the offer, but was meant to cover what had been acquired since, and that as the minds of the parties evidently did not meet, there was no contract.

The writings which constitute a contract are to be interpreted by the court, though where the contract is to be made out on oral evidence a jury must pass on it. Where an offer is in writing, it is for the court to construe it; if the acceptance alleged is verbal it is a question for the jury whether the offer has been accepted or not, but they cannot decide that it has, without evidence.

A contract involving the transfer of real estate and the assumption of debts must be written.

Where the plaintiff in an action for the breach of a contract relies alternatively upon two different and inconsistent constructions thereof, *it seems* to be evidence that the minds of the parties did not meet.

A contract not intended by the parties is not made by a general verbal acceptance of an offer that was not understood.

Juries cannot make contracts for litigants.

*It seems* that a verbal promise to execute a paper undertaking to pay debts, in accepting a written offer of sale which stipulates that they shall be assumed, is not void under the statute of frauds.

Error to Kalamazoo.    Submitted June 27.    Decided
October 11.

Assumpsit.    Plaintiff brings error.    Affirmed.

*O. W. Powers* for appellant.    Contracts ought to be
upheld if possible, and courts ought not to search a great
while for reasons to overturn them : *Thrall v. Newell* 19
Vt. 202 ; *Brown v. Slater* 16 Conn., 192 ; *Brewer v. Hardy*
22 Pick., 376 ; *Rogers v. Eagle Fire Co.* 9 Wend. 611 ;
*Adams v. Adams* 26 Ala. 272 ; in constructing contracts,
courts will endeavor to avoid that which is unreason-
able, unequal or improbable, if this can be done consistently
with the terms of the contract : *Royalton v. Royalton &
Woodstock Turnpike Co.* 14 Vt. 311 ; and a party who
takes an agreement prepared by another, and by reason
thereof, does some act, incurs obligations or parts with
property should have a construction given to the instru-
ment favorable to himself : *Noonan v. Bradley* 9 Wall.
394 ; while in the absence of fraud, a party is bound by
his written agreement, even though he may have misun-
derstood the legal effect of it : *Strohecker v. Farmers'
Bank* 6 Penn. St. 41 ; *Holmes v. Hall* 8 Mich. 66 ; a party
who refuses an absolute and unqualified tender of money,
should stand or fall by the excuse rendered by him at the
time that the tender was made : *Fosdick v. Van Husan* 21
Mich. 567, 574 : *Beebe v. Knapp* 28 Mich. 70 ; *Moynahan
v. Moore* 9 Mich. 10 ; 2 Pars. Cont. 64 ; *Browning v.
Crouse* 40 Mich. 339 ; *Gault v. Van Zile* 37 Mich. 22.

*Severens, Tryon & Ranney* and *Dallas Boudeman* for
appellee.

Cooley, J.    This case was once before in this Court, and
the decision upon it is reported in 46 Mich. 610.    It has
been retried, and has resulted in verdict and judgment for
the defendant, under rulings by the circuit judge in sup-
posed accordance with our decision.    The plaintiff brings
the case here again, and contends that the facts, as they
appeared on the second trial, were so far different from

those shown on the first, as to make substantially a new and different case, and render our former decision inapplicable. But he contends further, as we understand him, that even on the facts as they before appeared, this Court erred in holding that the minds of the parties did not meet on the contract the plaintiff was relying upon; and moreover, that the question whether they did agree upon a contract was a question not of law but of fact. This sufficiently indicates the questions which are to be passed upon now.

After the very full statement of the case which was made in the opinion delivered on the former record, we do not deem it necessary to do more now than give a very general statement. The plaintiff sues to recover damages for the refusal by the defendant to carry into effect an alleged contract for the sale by defendant to plaintiff of the interest of the former in the Kalamazoo Spring & Axle Works. The negotiation began with the following proposition:

"KALAMAZOO SPRING & AXLE WORKS.
OFFICE OF EGLESTON, WAGNER & CO.
(Established 1870.)

L. EGLESTON,
J. K. WAGNER.

KALAMAZOO, MICH., May 19, 1879.
Office and Works on Portage Street.

MR. J. K. WAGNER—

SIR: I will sell you my entire rights, title and interest in the lands, buildings, stock, cash and accounts, and all assets whatever, belonging to the business of the Kalamazoo Spring and Axle Works, or standing in my name, and bought for the use of said business, for the sum of forty-two thousand dollars, ($42,000)—I will say forty thousand, —provided that you shall assume all liabilities and all warrants, orders, contracts and guaranties made in the name of Egleston, Wagner & Co., and all liabilities made in my name and for the use of said business.

LORENZO EGLESTON."

This proposition was subsequently changed so as distinctly and unequivocally to name forty thousand dollars as the price to be paid, and it was subsequently extended by the following paper:

" This offer is hereby confirmed and extended until July

1st, 1879. Business hereafter transacted to be upon this basis.

*Kalamazoo, Mich., June 9,* 1879.

L. EGLESTON."

When the proposition was made Wagner had an interest in the works, which was subsequently, and before the extension, sold to Egleston for something over $13,000. No change in the proposition appears to have been made in view of this sale, and on June 30th Wagner appeared in Egleston's office, notified him of his acceptance of the proposition, presented $40,000 in legal-tender currency, which he tendered to Egleston, and demanded a conveyance of the latter's interest in the works. He presented at the same time deeds to be executed by Egleston to effect the transfer, and offered himself to execute a paper assuming the indebtedness referred to in the proposition. Egleston refused to make the transfer, assigning for reason that the money tendered was not sufficient, and also, according to some of the testimony, that he wanted the debts paid, and not assumed merely. It was upon this refusal that the suit was instituted.

On the previous record we were of opinion that the minds of the parties had not met; that Egleston had proposed a sale of the interest he had in the works at the date of the proposal, and that Wagner had accepted the proposition as one for the sale of the interest he had at the time of acceptance, when, besides other changes, it had been increased by the purchase of Wagner's interest. There was, therefore, as we conceived, no bargain. It is now claimed that the proposition was unequivocally accepted in the sense in which it was made, and that this clearly appears by the evidence which was given on the second trial. This is the first point made by the plaintiff.

The evidence that the proposition was accepted as made, is to be found in the fact that the acceptance was general and without qualification. The defendant proposed, and the plaintiff accepted ; and it is claimed to have been entirely immaterial that in the meantime changes in the title or property had taken place if the parties did not refer to

these in their negotiations. If the defendant offered to sell only what he owned on May 19th, then the acceptance of the proposition was an offer to take that interest and no other. To apply it to a subsequently acquired interest would be to import into the acceptance something not in the words, and presumably not in the mind, of the plaintiff when he accepted.

This is the plaintiff's position now; but on the first trial and in this Court he contended that the defendant's proposition was a continuous one, and covered such interest as he might at any time have, so long as it remained open for acceptance, and that when plaintiff accepted it on June 30th, he became entitled to have transferred to him such interest as defendant had at that date. We did not agree in this, but were clearly of opinion that defendant's proposition was to sell what he possessed at its date. And now we think there is no evidence whatever in this record which tends to show that plaintiff accepted or meant to accept any such proposition. Every act and word of his accompanying or constituting a part of the final transaction tends to show that he expected, if the sale was carried into effect, to receive a transfer of the works, and not merely of the interest defendant had therein the preceding May.

But even now the plaintiff does not abandon his former construction of the proposition, but contends that it should be understood as speaking from the time of acceptance. As this was the point on which the case chiefly turned when here before, it is apparent that we are asked to review and reverse the former decision. We should do so if we believed it incorrect, but we do not.

The further proposition that it should have been left to the jury to say whether there was a contract or not, is untenable. We concede that when a contract is to be made out on oral evidence, the jury must pass upon it; but writings are to be interpreted by the court. This was a case in which the statute of frauds required writings; for there was real estate to be transferred and there were debts to be assumed. The defendant's undertaking was to be found in his proposition;

and it is not contended that this was to be construed by the jury rather than by the court. The court put its construction upon it. The question whether or not it had been accepted was indisputably a question of fact; but there must be evidence of acceptance before the jury are authorized to find it. All the evidence of acceptance that appeared on the former trial tended to show an acceptance in a sense quite distinct and different from the sense in which the court read the instrument; and it was not claimed on the part of the plaintiff that there had been an acceptance of the proposition as it was construed by the court. On the second trial the position of the plaintiff is changed. He still insists upon his construction of the instrument, but contends that if he is mistaken in its meaning, then by accepting it generally, he has accepted it in the altogether different meaning found in it by the court. The exact import of that contention is, that the plaintiff by the use of general words has accepted a proposition he did not understand, and made a contract he did not intend. We do not agree that a contract can be made in that way. The evidence in this record is as plain as that in the other, that the minds of the parties did not meet, and if the jury had found that they did, the finding would have been without evidence to support it. Juries have large powers, but among them is not the power to make contracts for the parties litigant.

These views render it needless to consider the point made for the defense, that the plaintiff's undertaking to pay the debts was void under the statute of frauds for want of writing. Probably it was not. *Mallory v. Gillett* 21 N. Y. 412, 433 ; *Wynn's Adm'r v. Wood* 97 Penn. St. 216.

The judgment should be affirmed with costs.

The other Justices concurred.