ZEISS v. AMERICAN WRINGER CO.

(Supreme Court, Appellate Division, Second Department.   June 20, 1901.)

1. PRINCIPAL AND AGENT—EMPLOYMENT—CONTRACT— BREACH — BURDEN OF PROOF.
   Defendant employed plaintiff to act as its managing sales agent in a certain county, so long as the business relations of both should be mutually satisfactory, defendant reserving the right to appoint other agents if plaintiff failed to canvass the territory to defendant's satisfaction, agreeing to give plaintiff the exclusive right to the territory so long as he should conduct an efficient canvass, but that if he failed to defendant's reasonable satisfaction he might be discharged.   Defendant became dissatisfied, and notified plaintiff thereof, stating that, while plaintiff's business was good, there was not enough of it, and giving him the option of letting others in the territory or himself making other arrangements.   Defendant thereafter sent others into the territory, who sold goods, to plaintiff's damage.  *Held*, that the burden of proof that plaintiff had been properly discharged, in order to prevent a recovery, was not on defendant, but the burden was on plaintiff to show that defendant was, or ought to have been, satisfied with plaintiff's canvass.

2. SAME—REFERENCE—GENERAL FINDING—SCOPE—APPEAL—PRESUMPTION.
   Since the evidence was insufficient to warrant a finding that defendant did his work according to contract, and that there was no reason for dissatisfaction, or that the reason assigned was a mere pretext, captious, or fraudulent, it could not be presumed, on appeal in support of the judgment on the referee's general finding in favor of plaintiff, that he found such facts to be true.

Appeal from judgment on report of referee.

Action by George W. Zeiss against the American Wringer Company.   From a judgment in favor of plaintiff, entered on a referee's report in favor of plaintiff, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

S. Livingston Samuels, for appellant.
Charles L. Hubbell, for respondent.

SEWELL, J.   The cause of action set forth in the complaint is founded upon an alleged breach of a contract entered into between the plaintiff and the defendant, dated January 11, 1894, wherein the plaintiff agreed to work for the defendant as its managing agent in the county of Richmond, "for and during such times as the business relations between the parties hereto shall be mutually satisfactory," and in consideration of such services so to be performed the defendant agreed to pay or allow the plaintiff a commission of 30 per cent. for all goods sold and valid leases for goods at regular prices, as they may be fixed by the company.   The defendant reserved the right to appoint other agents in Richmond county if the plaintiff failed to canvas such territory to its satisfaction, and it "agrees to protect him in said territory, and give him the exclusive right in it (except in the town of Tottenville), as far as possible, as long as said Zeiss shall conduct a faithful and efficient canvass"; and it was mutually understood and agreed that, in case the plaintiff "fails to discharge his duties as such managing salesman to the reasonable satisfaction of said company, he may at any time be discharged by said com-

pany." The plaintiff alleges that he performed all the terms and conditions of said contract on his part to be performed, until on or about January 15, 1895, when he was notified by the defendant to cease his business relations with it, and that between September 25, 1894, and January 15, 1895, the defendant, its agents and servants, sold goods, wares, and merchandise in the territory of the county of Richmond. It appears that the defendant was really dissatisfied with the plaintiff's canvass, and that Browning, its general manager, wrote to him two months prior to the alleged breach:

"We have given you the whole spring and bulk of the summer to get started, and held others out on our general line, hoping that you would build up a paying business; but in spite of the best season of the year having gone by, when we could have put in ten times the business you have done, by letting outside wagons in, your business is stationary. It has in fact cost us so much to run Staten Island that we had almost concluded to let our Jersey City office run a gang over there, and turn the collecting over to them, first notifying you, of course, as we would be in honor bound to do, and give you the option of keeping on as you are and letting others in, or of making such other arrangements as you should prefer. We feel that our competitors (Adams & Co.) are getting business there that a good live gang, such as we have in Jersey City, would get for us; and while your business is good, what there is of it, it is too small in quantity to pay for restricting the territory entirely to you. Your interference with those Bible sales—an article that you never sold—was a trifle too much for good nature, when we were only trying to help out and trying to pay expenses. Under the circumstances, we feel constrained to notify you that we cannot afford longer to hold the territory for your exclusive use, and, while we would like to have your business if you care to continue with us on the above conditions, we cannot allow Adams to have the soft snap he has had all summer. As far as that is concerned, we think you would be affected no more by one of our wagons than by Adams'; but that is for you to decide."

The plaintiff denied that he received this letter, but the referee stated and held upon the trial that he did, and the evidence justifies that conclusion. The referee found that the plaintiff was not discharged, but held that by the terms of the agreement the plaintiff was to have "the territory mentioned exclusively during the term of his employment; * * * that the defendant did not protect the plaintiff in his said employment;" that the defendant sent other men into plaintiff's territory, and sold goods therein; and that by reason thereof the plaintiff's business was diminished, and he suffered loss and damage, which he assessed at $600. The referee predicated this decision upon the assumption that the plaintiff was entitled to recover if he had not been discharged, and held that upon that issue the burden of proof was with the defendant. We think it was for the plaintiff to prove the discharge, and that there is not sufficient evidence in the case to uphold the decision upon that question. This finding of fact did not, however, necessarily lead to a judgment in favor of the plaintiff. The agreement to protect the plaintiff, and give him the exclusive right in the county of Richmond as long as he conducts a faithful and efficient canvass, must be read in connection with, and be regarded as qualified and limited by, the provision immediately preceding it, which gave the defendant the right to appoint other agents if the plaintiff failed to canvass the territory to its satisfaction. That is to say, the agreement to protect the plain-

tiff and give him the exclusive right is subject to the proviso that the plaintiff's canvass shall be satisfactory. That fact is made the test of the faithful and efficient canvass upon which the protection of the plaintiff and his exclusive right depend. The agreement is clearly within the rule laid down in Tyler v. Ames, 6 Lans. 280, where the contract was to employ an agent for a year, if he "could fill the place satisfactorily," and the court said: "It was for defendant to determine when plaintiff failed to fill the place of agent satisfactorily, and I know of no one who is authorized to review his decision." This case was referred to with approval in Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709, where the distinction between such a contract as the one in suit and a contract to do certain specific work to the satisfaction of the employer is pointed out. It was there held that, where the object of a contract is to gratify taste, serve personal convenience, or satisfy individual preference, the rule is that the expression of dissatisfaction is sufficient without any reason, and that in either of those cases the person for whom the article is made or the work done may properly determine for himself (if the other party so agree) whether it shall be accepted.

If the determination of the question whether the plaintiff's canvass was satisfactory did not belong to the defendant, it was a question of fact for the referee to decide, and the burden of proving that the defendant was, or ought in reason to be, satisfied was upon the plaintiff. Tyler v. Ames, supra; Spring v. Clock Co., 24 Hun, 175; Smith v. Brady, 17 N. Y. 173, 72 Am. Dec. 442. We are not advised what the conclusion of the referee was upon this question. He seems to have wholly disregarded the reservation by the defendant of the right to appoint other agents if dissatisfied, and decides the case as though this provision was not in the agreement. We cannot infer that the general conclusion of the referee, as contained in his report, involved a finding by him that the plaintiff did his work according to the terms of the contract, that there was no reason for dissatisfaction, or that the reason assigned was captious, fraudulent, or a mere pretext. The rule that, where there has been no finding of the referee upon a question of fact, the court will, in reviewing the judgment upon appeal, assume, in support of the judgment, that he did find such further facts in favor of the party recovering as are essential to uphold it, is not applicable where, as in this case, it appears that such additional findings of fact would not have been warranted by the evidence. Oberlander v. Spiess, 45 N. Y. 175.

We think that the referee decided this case under a misapprehension of the legal rights of the parties to the agreement, and that the judgment should therefore be reversed, and a new trial granted; costs to abide the event. All concur.