## ALFORD v. COOK.

(Supreme Court, Appellate Term. December 20, 1907.)

1. MASTER AND SERVANT—ACTION FOR WAGES—SUFFICIENCY OF EVIDENCE.

Letters introduced in evidence in an action on a contract to pay a salesman an additional sum if his sales were satisfactory, written by the employer in answer to reports sent in by the salesman and containing words of praise for orders taken and encouragement "to keep up the good work," if competent as tending to prove the employer's estimate of the value of the whole period of the salesman's services, are at most the ordinary mes-

sages of an employer to his employé, calculated to stimulate him to renewed effort.

2. SAME—ADDITIONAL COMPENSATION.

Under a contract to pay a salesman an additional sum if his sales were satisfactory, it lay with the employer alone to determine whether the sales were satisfactory.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles H. Alford against John J. Cook. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Sullivan & Cromwell, for appellant.
Charles Stein, for respondent.

FORD, J. Defendant (appellant) employed plaintiff (respondent) as salesman under a written contract at a stipulated salary from April 15 to December 15, 1906, wherein defendant agreed as follows:

"I also agree to pay the said Alford a further sum of $200 on the last-mentioned date (December 15th) provided his sales shall have been satisfactory at that time."

This contract was fully executed, except as to payment of the $200, for which plaintiff sued and obtained judgment.

Plaintiff sought to prove that his services were satisfactory by introducing a series of letters written to him by defendant during the course of the employment. They appear to be for the most part in answer to reports sent in by plaintiff, and contain words of praise for orders taken, encouragement "to keep up the good work," and similar kindly comment upon particular favorable results accomplished by plaintiff. If they are competent at all as tending to prove defendant's mental estimate of the value of the whole period of plaintiff's services, they are at most the ordinary messages of an employer to his employé, calculated to stimulate him to renewed effort. Under the terms of the contract it lay with the master alone to determine whether or not the services of the servant were satisfactory. Tyler v. Ames, 6 Lans. 280; Zeiss v. American Wringer Company, 62 App. Div. 463, 70 N. Y. Supp. 1110; Duplex Safety Boiler Company v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709; Crawford v. Mail & Express Co., 163 N. Y. 404, 57 N. E. 616.

In this case the defendant not only adjudged them unsatisfactory, but testified that he actually lost money on the sales made by the plaintiff, and showed in detail why his services were unsatisfactory in other respects.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.