## GORDON v. NORTHWESTERN NAT. LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1912.)

### No. 2,164.

MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—TERMINATION.

Where a contract of employment provided that it should be for a term of five years from the date thereof, but contained another provision that either party might terminate the agreement, if not otherwise concluded by its own conditions, on giving the other party notice in writing, either personally or by mail, such provisions were not in conflict, and hence the employer was entitled to terminate it by giving the notice prescribed, subject only to liability for services rendered up to the date of cancellation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

Action by D. M. Gordon against the Northwestern National Life Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Thomas G. Fewell, for plaintiff in error.

Thomas A. McWillie and Robert H. Thompson, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge. This is an action brought by the plaintiff in error against the defendant in error for breach of a contract of agency. It is alleged that the defendant made a contract with the plaintiff by the terms of which, for stated compensation and commissions, the plaintiff was to represent the defendant as its agent within a stated territory. The averments of the declaration show that the contract was one of value to the plaintiff; that the defendant, by letter, withdrew the authority of the plaintiff to act as the defendant's agent and authorized another person to act; and that this alleged breach of the contract caused the plaintiff damage. The written contract of agency is made a part of the declaration. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question raised by the pleadings and decided by the court below involves the construction of the contract. The eighth section of the contract provided that:

"This contract shall be for the term of five years from the date thereof."

The ninth paragraph provided that:

"Either party may terminate this agreement if not otherwise concluded by its own conditions, upon giving to the other party notice in writing, either personally or by' mail."

We are of the opinion that there is no conflict in the two provisions. The former fixed the duration of the contract at five years, unless, under the latter, either party chose to give the notice ending it. The defendant had the right to terminate the contract and was not liable for a breach of it because it exercised the right. The defendant acted within the terms of the contract and the ruling of the court on the pleadings was in accord with this view. The plaintiff would have the right to sue in a court of competent jurisdiction for any sum that he earned under the contract while it was in force.

The judgment of the court below is amended, so as to be without prejudice to this right to sue for such sum, if any, as he earned under the contract before he received notice of its termination, and, as so amended, it is affirmed.