MUIR v. LEONARD REFRIGERATOR CO.

1. Contracts—Employment—Compensation—Bonus.
   Written contract of employment on salary and bonus basis containing provision for its termination, if employee is not adapted to work to which he may be assigned or is not likely to prove useful, upon payment of stipulated salary through last day of employment *held*, not to entitle employee to bonus where he was discharged before end of fiscal year, payment of same, under such circumstances, being discretionary with employer.

2. Same—Interpretation.
   Court can only interpret contract which the parties have made.

3. Same—Construction—Intention.
   Court will construe written contract according to intention therein expressed when that intention is clear on its face.

4. Same—Construction of Terms Used.
   Unambiguous contract must be construed according to the ordinary meaning of the words used.

5. Same—Construction—Bonus.
   Letter from employer to district sales manager expressing "hope" that latter would make maximum amount of bonus during current fiscal year *held*, properly construed as not a promise of employment for balance of fiscal year.

6. Same—Construction By Court When Written.
   When a contract is to be made out on oral evidence the jury must pass on it; but writings are to be interpreted by the court.

7. Same—Variation of Written Contract by Parol Evidence.
   Portion of contract of employment, relating to its termination and compensation payable, reduced to writing and signed by both parties, may not be varied by parol evidence.

Appeal from Wayne; Stein (Christopher E.), J., presiding. Submitted October 9, 1934. (Docket No. 33, Calendar No. 37,981.) Decided December 10, 1934.

Assumpsit by Gordon Muir against Leonard Refrigerator Company and Kelvinator Corporation, Michigan corporations, for sums allegedly due as bonus under an employment contract. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Jackson B. Clark,* for plaintiff.

*Wiley, Streeter, Smith & Ford,* for defendants.

BUSHNELL, J. This is an action by plaintiff to recover a bonus under a contract of employment. The questions involved are:

1. Did defendants promise to pay plaintiff a bonus on his sales if he were discharged without cause before the end of the fiscal year?

2. Did defendants promise to employ plaintiff until the end of their fiscal year?

The trial court directed a verdict of no cause of action, and filed a written opinion denying a motion for a new trial.

The first question must be answered in the negative. Plaintiff was employed as a district sales manager at an annual salary and bonus, and worked from August 27, 1931, until his discharge on June 30, 1932. The bonus terms were not disclosed until October 27, 1931, and are shown in a memorandum addressed to and signed by plaintiff, to which is attached a quota of sales for October to September of the fiscal year 1931–1932.

When plaintiff entered defendant's employment he filled out and signed a form entitled "confidential executive schedule," a part of which appears in the record and seems to contain only information supplied by plaintiff as to his past history, except that just above the "signature of applicant" it reads:

"Note: All persons appointed to positions in this organization are on trial, and if at any time it is found that the employee is not adapted to the work to which they have been assigned, or not likely to prove useful, the engagement may be terminated without further reason, and without prejudice, to the employee's reputation, the corporation's obligation ending with the payment of salary through the last day of employment."

The bonus memorandum dated October 30, 1931, which is signed by both parties and begins with "for the year ending September 30, 1932, your bonus will be on the following basis, and be paid to you in addition to your salary," also provides: "Should your connection with this company be terminated by either party prior to September 30, 1932, the payment of any bonus is entirely at the discretion of this company."

It is difficult for plaintiff to extricate himself from the conditions of employment which he has voluntarily assumed, for even though the forfeiture provisions seem harsh, we can only interpret the contract which the parties have made. *Fontius Shoe Co.* v. *Lamberton,* 78 Col. 250 (241 Pac. 542), a bonus case. Courts will construe a written contract according to the intention therein expressed, when that intention is clear on its face. *Baker* v. *Baird,* 79 Mich. 255. Where a contract is not ambiguous, it must be construed according to the ordinary meaning of the words used. *Rosen* v. *Rosen,* 159 Mich. 72 (134 Am. St. Rep. 712).

See, also, *Mills* v. *Spencer,* 3 Mich. 127; *Piano Manfg. Co.* v. *Ellis,* 68 Mich. 101, and *Cutler* v. *Spens,* 191 Mich. 603.

As to the second question, plaintiff claims that defendants' promise to employ him until the end of the

fiscal year is based on a letter from the company's sales manager dated June 6, 1932, which is described by plaintiff as "further and additional written memoranda of the terms of his said contract of employment." This letter, after comments and criticisms on various dealers' sales, concludes with the following:

"Through May, shipments in your territory are approximately $148,000 against $199,000 for the year, so that you have got $51,000 to go before you start making some real bonus money. We are just as anxious as you are to see you make the maximum amount of bonus and we hope the next four months will be finished in a cloud of dust."

Plaintiff claims this is a promise of employment for the balance of the fiscal year; that the use of the word "hope" is equivalent to a command, and it necessarily implied that plaintiff would be given a chance to carry out the assignment. The trial court's observation on this was:

"I do not think that any such construction is possible. This letter must be held to be no more than an expression of the defendant's hope that the relations between the parties will be satisfactory in the future."

To this we add that it is no more than the ordinary message of an employer to an employee, calculated to stimulate him to renewed effort. See *Alford* v. *Cook,* 107 N. Y. Supp. 710. The rule is stated by Mr. Justice COOLEY in *McKenzie* v. *Sykes,* 47 Mich. 294:

"It is for the court to interpret the written contracts of parties; for when they have assented to definite terms and stipulations and incorporated them in formal documents, the meaning of these, it is supposed, can always be discovered on inspection;

nothing which is within the purview of the contract is left in doubt and there is of course nothing to submit to the jury.''

In *Wagner* v. *Egleston,* 49 Mich. 218, the learned justice also said:

''We concede that when a contract is to be made out on oral evidence the jury must pass upon it; but writings are to be interpreted by the court.''

The following bonus and employment cases have been examined: *Fontius Shoe Co.* v. *Lamberton, supra; Gordon* v. *Northwestern National Life Ins. Co.,* 113 C. C. A. 339 (193 Fed. 405); *Alford* v. *Cook, supra; Hunter* v. *Ryan,* 109 Cal. App. 736 (293 Pac. 825); *Johnson* v. *Fuller & Johnson Manfg. Co.,* 183 Wis. 68 (197 N. W. 241); *United Shoe Stores Co.* v. *Dryer,* 16 La. App. 605 (135 South. 50); *Scott* v. *J. F. Duthie & Co.,* 125 Wash. 470 (216 Pac. 853, 28 A. L. R. 328); *Roberts* v. *Mays Mills,* 184 N. C. 406 (114 S. E. 530, 28 A. L. R. 338); and the annotations under these last two cases in 28 A. L. R. at pages 331 and 346.

In the instant case both of the instruments were signed by the parties, so they must be regarded as that part of the contract reduced to writing and may not be varied by parol evidence. *Minor* v. *Walker,* 179 Mich. 645, and *Saginaw Milling Co.* v. *Schram,* 186 Mich. 52. We conclude therefore that the second question must also be answered in the negative.

The judgment of no cause of action is affirmed, with costs to appellees.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.