## SIPORIN v. ADLER.

1. CONTRACTS—INTERPRETATION BY COURT.
    The interpretation of written contracts is a matter for the court
    to determine, there being nothing for the determination of
    the jury when the parties have assented to definite terms and
    stipulations and incorporated them in formal documents.

2. SAME—PRIOR AGREEMENTS.
    An unambiguous, clearly written contract renders inoperative all
    prior oral agreements.

3. MASTER AND SERVANT—SALARY—BONUS—CONSTRUCTION.
    Written employment contract whereby plaintiff agreed to super-
    vise the construction of a commercial development for "$200
    per week, plus a bonus  *  *  *  to depend solely on our
    [defendant employers'] reputation and fairness on what this
    bonus stipend will be" *held*, not ambiguous as to bonus, such
    being entirely in the discretion of the employers, hence, not sub-
    ject to oral contradiction and not to have presented a jury
    question.

Appeal from Wayne; Kaufman (Nathan J.), J.
Submitted October 17, 1961. (Docket No. 84, Calen-
dar No. 49,212.) Decided November 30, 1961.

Assumpsit by Erwin Siporin against Sam Adler,
Joseph Jaffa, and Nathan Linden, doing business as
Adler-Jaffa-Linden, and against Seymour Jaffa,
executor of the estate of Joseph Jaffa, deceased, for
bonus claimed due on contract of employment as
construction superintendent. Directed verdict and

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur, Contracts § 226.
[2, 3] 12 Am Jur, Contracts § 232.

judgment for defendants. Plaintiff appeals. Affirmed.

*Burns, Boigon, Winston & Firestone* (*Meyer Weisenfeld,* of counsel), for plaintiff.

*David M. Miro,* for defendants.

EDWARDS, J. This is an appeal from a judgment of no cause for action entered by a Wayne circuit judge. Plaintiff's suit was for a bonus claimed to be due under a contract for employment. Following plaintiff's opening statement, defendants made a motion for a directed verdict which was granted on the ground that the case presented no jury questions.

Defendants were entrepreneurs who were engaged in building a large shopping center to be called Lincoln Park Plaza. Plaintiff's amended declaration estimated that this project would cost $6,000,000 and require 1-1/2 years to build.

Plaintiff had been construction superintendent for an architectural firm. He alleges that in conferences in January and February of 1954 defendants induced him to leave his employment and to go to work for them as construction superintendent on the shopping center project. Plaintiff claims he was promised a minimum employment of 1-1/2 years at $200 a week, plus "bonus." This latter, plaintiff claims, should be computed at 10% of the project value or $150,000 as of the time of separation, in accordance with an alleged "established custom and practice in the building trade."

Plaintiff's declaration and amended declaration relied entirely upon an oral contract. But, by way of affirmative defenses, defendants' answer alleged the execution of a written contract. Plaintiff's reply admits execution of the written contract which fol-

lows, but alleges that it did not recite the complete terms of the agreement:

"ADLER-JAFFA-LINDEN
2349 National Bank Building
Detroit 26, Michigan
Woodward 1–1990

"March 23, 1954

"Mr. Erwin Siporin
23620 Morton Street
Oak Park, Michigan
"Dear Mr. Siporin:

"After due and careful consideration, we have employed you to supervise the construction of a commercial development to be known as the Lincoln Park Plaza. We feel most confident that we have selected the right man, who can efficiently handle a job of this sort.

"To confirm what we have promised you verbally, we hereby agree to pay you a salary of $200 per week, plus a bonus commensurate with good management, planning and savings effected. Of course, when discussing the bonus and in order to clear up any misunderstanding, we ask you now to depend solely on our reputation and fairness on what this bonus stipend will be.

"While making these promises, you of course must realize that if our judgment dictates that the job is not running along as it should and that a change will be necessary that would affect your present official status, you will have no objections as to our decision.

"However, we have the utmost confidence that you will do an excellent job and that mutually good feeling will exist throughout the construction of our project.

"Yours respectfully,
"ADLER-JAFFA-LINDEN
"By: JOSEPH JAFFA
Joseph Jaffa

"Acceptance
"ERWIN SIPORIN
"Erwin Siporin"

The circuit judge based his decision upon construction of the bonus provisions in this written memorandum of employment. He held that these terms made the bonus entirely optional with defendants, that as to the bonus there was no ambiguity on which oral testimony was permissible, and that there were no questions of fact pertaining to the bonus for jury determination.

The parties thereupon entered a stipulation. Under it, plaintiff-appellant "withdrew" the other portion of his claim as to salary claimed under the contract, reserving the right to renew the salary claim at any time within 3 years with statute of limitations waived. Thereupon the circuit judge directed a jury verdict of no cause for action, and plaintiff-appellant has appealed.

The sole question appears to be whether or not the contract was ambiguous as to the bonus question so as to present a jury question. The circuit judge relied upon the language of paragraph 2 of the written contract quoted above. He held that this language was "definite and clear as to the question of bonus and that plaintiff was not entitled to a bonus." He also held that the bonus terms could not be varied by parol evidence.

In this holding he relied upon an early Michigan case wherein Justice COOLEY's opinion stated the applicable rule:

"It is for the court to interpret the written contracts of parties; for when they have assented to definite terms and stipulations and incorporated them in formal documents, the meaning of these, it is supposed, can always be discovered on inspection; nothing which is within the purview of the contract is left in doubt and there is of course nothing to submit to the jury." *McKenzie* v. *Sykes,* 47 Mich 294, 295.*

---

* Cf. 3 Corbin on Contracts, §§ 543, 554.

See, also, *Muir* v. *Leonard Refrigerator Co.*, 269 Mich 406; *Wagner* v. *Egleston,* 49 Mich 218.

The written agreement before us in this appeal appears to have been designed to integrate the prior oral understandings of the parties. 1 Restatement, Contracts, § 228. Where such a writing is clear and unambiguous, it renders inoperative all prior oral agreements. 1 Restatement, Contracts, § 237.

There is no dispute about execution of this written agreement. The language of the contract seems clear to us, as it did to the trial judge. It was designed to place any bonus entirely in the discretion of the employer. We do not see how plaintiff could have failed to realize this when he signed the contract. We find no ambiguity or incompleteness which would authorize oral explanation, or contradiction of the written contract. The circuit judge was correct in holding that the written contract was not subject to oral contradiction and that no jury question was presented. *Muir* v. *Leonard Refrigerator Co., supra.*

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.