Daniel O'MADIGAN, Jr., Appellant,

v.

GENERAL MOTORS CORPORATION, Appellee.

No. 16913.

United States Court of Appeals Eighth Circuit.

Jan. 21, 1963.

Carl E. Starkloff and John J. Delabar, St. Louis, Mo., filed brief for appellant, and John J. Delabar, St. Louis, Mo., made argument.

Donald K. Barnes, Detroit, Mich., made argument for appellee. Aloysius F. Power, Donald K. Barnes, and Thomas J. Hughes, Detroit, Mich., and Herbert E. Barnard, of McDonald, Barnard, Wright & Timm, St. Louis, Mo., were on the brief.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

PER CURIAM.

Daniel O'Madigan, Jr. (plaintiff), a former employee of General Motors Corporation (defendant), instituted this action to recover certain bonus awards which were made by defendant for future payment under specified contractual conditions, but which were not paid because after having voluntarily terminated his employment, plaintiff later accepted employment with a competitor of defendant. The trial court sustained defendant's motion for summary judgment and dismissed plaintiff's complaint. Plaintiff has appealed.

Diversity of citizenship and the requisite amount establish jurisdiction.

The facts are fully and accurately stated in the opinion filed by the late Judge Weber, E.D.Mo., 202 F.Supp. 190 (1961), and need not be restated here.

Basically, plaintiff's position is that when the bonus awards were made to him he acquired a vested right therein, and regardless of subsequent events, such as his voluntary termination of employment and his later employment with a competitor of defendant, he was entitled to receive the full amount of the awards. The contention is also advanced that paragraph 8(a) of defendant's bonus plan is void.

Having analyzed the bonus plan under which the awards were made, having examined the record and briefs of the parties and the authorities upon which they rely, and having carefully reviewed other pertinent authorities, we are satisfied that paragraph 8(a) of the bonus plan is valid and, for the reasons stated in Judge Weber's opinion with which we are in full accord, we affirm. See and compare: Neuffer v. Bakery and Confectionery Workers Int. U., 113 U.S.App. D.C. 334, 307 F.2d 671 (1962); James D. Mooney, 9 T.C. 713 (1947); Parrish v. General Motors Corporation, Fla. Dist.Ct.App., 137 So.2d 255 (1962); Kristt v. Whelan, 5 N.Y.2d 807, 181 N.Y.S.2d 205, 155 N.E.2d 116 (1958); Harding v. Montgomery Ward Co., Ohio Ct.App., 58 N.E.2d 75 (1944); Montgomery Ward & Co. v. Guignet, 112 Ind. App. 661, 45 N.E.2d 337 (1942); Muir v. Leonard Refrigerator Co., 269 Mich. 406, 257 N.W. 723 (1934).