Isidore Dollinger, J.
Motion by plaintiff for an order staying the defendant from refusing to comply with and grant sabbatical leaves of absence with pay pursuant to a labor agreement entered into between the Legislative Conference and the Board of Higher Education of the City of New York.
On April 12, 1971, the New York State Legislature amended article 5 of the Civil Service Law (§ 82, subd. 2), which provided that effective immediately and notwithstanding any general, special or local law to the contrary, for a period of one year commencing July 1,1971, no leave of absence or sabbatical leave of absence shall be granted to any public officer or employee. Plaintiff relies on subdivision 3 which says this section shall not be construed so as to impair any contractual right to a leave of absence or sabbatical leave of absence where such contractual right was in existence and enforceable prior to the effective date of this section. They claim that such right was created by their agreement with the defendant, citing articles XIV and XXVI. Unfortunately a reading of such articles does not sustain plaintiff’s contention. Article XIV gives the members the right to apply for sabbatical leave upon the meeting of certain enumerated requirements and goes on further to state that the granting of sabbatical leave shall not be in any sense automatic. Thus, the only right the employee had was the right to apply for the sabbatical. The final decision lay with the Board of Higher Education and the argument by plaintiff that such approval by the defendant was merely pro forma has no merit. As the situation stands at the present time, no contractual right to a sabbatical leave of absence was in existence and enforceable prior to the effective date of the amendment. Had the sabbatical been approved by the board prior to April 12, 1971, plaintiff’s rights would have been protected by subdivision 3.
Under the circumstances, the board has acted correctly. Plaintiff submitted its application around the same time that the Legislature passed the amendment, and pursuant to that on May 3,1971, the board declined to grant such sabbaticals.
Plaintiff further claims that article XXVI of the contract provides that the board shall provide $1,000,000 to fund sabbatical leaves and thus such funds must be used. Again, plaintiff’s argument is without merit as this is just the outside limit to which the board will fund sabbaticals which are granted.
Due to prevailing economic conditions, the Legislature saw fit to declare a one-year moratorium in the granting of sabbaticals and thus passed the said amendment. Plaintiff nowhere attacks *650 such legislation nor does it claim the defendant has acted arbitrarily in denying the applications.
The court is cognizant of the fact that many of the people involved had made plans and expended large sums of money on the basis of having been approved for such sabbaticals by their superiors. Nevertheless, the final approval had to be made by the board. The court is also mindful of the fact that these people may suffer severe economic hardship because of the board’s denial. While the equities may favor the plaintiff, the board under said moratorium had no choice, but to follow the law and deny said sabbaticals.
Reluctantly, plaintiff’s motion for an order to compel the defendant to grant the sabbaticals is denied, and defendant’s cross motion for summary judgment dismissing the complaint on the ground that the complaint fails to state a cause of action is granted.
(Reargument, July 27, 1971).
Motion by petitioner for reargument and reconsideration of the decision dated June 22,1971 is denied.
The petitioner has not shown that any controlling authority or facts have been overlooked by the court in the original decision.
Petitioner again raises the argument that board approval is pro forma. It is claimed that, because of the tremendous amount of decisions, both major and minor, that come before the board for its approval, it became physically impossible for the board to review and pass on each individual matter. In order to solve this problem, the board itself on April 26, 1965 adopted a method whereby all the routine matters would be assembled by the Chancellor in a “ Chancellor’s Report”. This single consolidated report could then be adopted by the board by a single motion. It is further alleged that sabbaticals are one of the routine items contained in such Chancellor’s report. However, the board’s April 26, 1965 .resolution goes on to state “Any Board member, having received the Chancellor’s report shall have the right to have any item or items removed from the Chancellor’s Report and placed on the Policy Calendar by a simple request to the Chairman of the Board that this be done ”. Therefore, the board has effectively reserved the right to itself to make the final decision and delete certain items from the Chancellor’s report, should it determine that such independent action is necessary. Obviously, this is what was done in the case at bar so that board action was not a mere formality. Petitioner has not been able to effectively overcome the article XIV provision of the agreement between the Legislative Confer *651 ence and the Board of Higher Education of the City of New York which says that the granting of sabbatical leave shall not be in any sense automatic.
The next point raised by the petitioner is that, in the opinion of the State Director of the Budget, any approval of a sabbatical given by an authorized university officer prior to April 12, 1971 results in a contractual right and would be exempt from chapter 124. In the original affidavit by Arnold Cantor sworn to on May 26, 1971 he said that “ on information and belief all of this [the approvals] occurred around April 12, 1971 ”.
Now it is alleged that all the approvals were had before April 12,1971.
Petitioner has not presented any proof to this court as to when these applications were submitted and approved by the college presidents and if such approval was prior to April 12, 1971. Therefore, the court in the instant case cannot make the same determination as in Katz v. Nassau Community Coll. (Sup. Ct., Nassau County, Spec. Term, Part III, Wachtleb, J.), and the court adheres to its original decision.