Anthony J. Cerrato, J.
At issue in this article 78 proceeding is the granting of sabbaticals to three teacher petitioners by the respondent Board of Education, in view of the recent enactment of chapter 124 of the Laws of 1971, the obvious intention of which is declaring a moratorium on sabbaticals for a period of one year from the date of its enactment, April 12,1971. The petitioner association and the individual petitioners teachers maintain that the granting of sabbaticals was a contractual right in existence and enforceable prior to the effective date of chapter 124 of the Laws of 1971 (adding § 82 to the Civil Service Law). Consequently, it is argued, for the board to make a determination in derogation of such contractual right is a determination affected by an error of law cognizable under CPLR 7803 (subd. 3).
It is the respondent board’s contention that there is no contractual commitment between the North Salem Teachers Association and the school district relating to sabbaticals. This position is based on a contention that, by virtue of a special agreement to the current contract (page 30 thereof), the subject of sabbaticals within the current contract was never fully agreed upon. The petitioners argue that in view of this special agreement relating to sabbaticals and the failure to effect any conclusion with relation to sabbaticals by virtue thereof, article XIII of the contract controls, which provides, in effect, for the continuation of the school board’s rules and regulations presently in force and effect.
It is undisputed on the presentation here made that the sabbatical procedure provided in the board’s rules and regulations was substantially complied with in all respects prior to the effective date (April 12, 1971) of chapter 124 of the Laws of 1971. The issue now before the court then resolves itself into *317 a determination as to whether, under the admitted facts and circumstances here present, there exists a 11 contractual right * * * in existence and enforceable prior to the effective date of this section ’ ’ (Civil Service Law, § 82, subd. 3, as added by L. 1971, ch. 124). This court would be constrained to find that, since all had been done that was necessary to be done and accomplished to effect the granting of sabbatical leaves to the three teacher petitioners herein named, there was, as affects these three teacher petitioners, a valid existing enforceable contractual right in their individual regard, prior to the effective date of chapter 124 of the Laws of 1971.
Accordingly, therefore, this article 78 proceeding would lie and it is the judgment of this court that the individual teacher petitioners, Pauline Lane, Carol Kelley and Robert Gordon, are entitled to the .sabbatical leaves granted prior to the effective date of chapter 124 of the Laws of 1971, and the respondent Board of Education, Central School District No. 1, North Salem, Somers, Carmel and South East, is directed to grant sabbaticals as heretofore indicated.