Anthony J. Cerrato, J.
Involved in this article 78 proceeding, once again is a question as to the effective date of chapter 124 of the Laws of 1971, relating to a one-year moratorium on sabbatical leaves. (See our determination in North Salem Teachers Assn. v. Board of Educ., 67 Misc 2d 315.) Unlike the North Salem case this court would be constrained to find on the facts presented in the instant proceeding that the procedures for the granting of a sabbatical had not proceeded to such a stage as to give rise to the status of a “ contractual right * # * in existence and enforceable prior to the effective date of this section.” (L. 1971, ch. 124, § 3.) The final step provided for in the procedure for granting sabbaticals was not accomplished under the submitted'facts here in our opinion until April 20, 1971, *269 which would bring such action within the proscription of the effective date of chapter 124 of,the Laws of 1971.
In adopting this position this court takes the view that the existing enforceable contractual right referred to in chapter 124 of the Laws of 1971 is a right accruing to the individual teacher applicants for sabbaticals, rather than a vested contractual right by virtue of the employment contract between the Teachers Association and the school district. In this regard the court would note that the decision in arbitration to whatever extent contrary to this determination is not binding on the court in determining the merits of the case and the contractual status of the parties in the instant proceeding.
We believe the foregoing determination to be consistent with the determination in a similar matter made by Mr. Justice Dollinger, Supreme Court, New York County, in Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. (67 Misc 2d 648).
Accordingly, this petition is dismissed.