Bertram Harnett, J.
This is one of several proceedings which have arisen from legislation adopted hy the 1971 New York State Legislature in relation to sabbatical leaves of absence for public employees. The pertinent portions of that legislation provide that: “ (2) * * * for a period of one year commencing July first, nineteen hundred seventy-one, no leave of absence or sabbatical leave of absence shall be granted to any public officer or employee. (3) # * * This section shall not be construed so as to impair any contractual right to a leave of absence or sabbatical leave of absence where such contractual right was in existence and enforceable prior to [April 12,1971] ’ ’. (Civil Service Law, § 82, as adopted by L. 1971, ch. 124.)
In June, 1970, petitioner Ewen, the president of the Plainedge Federation of Teachers, an unincorporated association which is the exclusive bargaining agent for all members of the professional staff of the Plainedge, New York, public schools, entered into a collective bargaining agreement with the respondent Board of Education. That agreement, which is effective until June 30,1972, included certain provisions regarding application for and grants of sabbatical leave. In 'sum, it provided that on recommendation of the Superintendent of Schools: “ a sabbatical leave of absence may be granted for study or travel ” (emphasis supplied) to persons meeting certain established qualifying criteria. The agreement specifically states (art. VIII, § 5 [h]) that: 1 ‘ the Board of Education reserves the right to reject any and all requests for sabbatical leave ”.
Petitioner Zellan, who concededly meets the qualifying criteria for sabbatical leave, timely filed an application on March 30, 1971. Apparently, several other qualified staff members also submitted applications. Zellan and several others were subsequently recommended for sabbatical leaves by the Superintendent of Schools and their names were submitted to the Board of Education for approval. Admittedly in reliance upon the new section 82 of the Civil Service Law, the board denied all the requested sabbatical leaves on June 14, 1971. Petitioners then instituted this proceeding to compel the board to grant the t equested lehVeei
*557 Respondent argues that this proceeding seeks in effect to enforce a contractual right and is therefore not a proper situation for a proceeding pursuant to article 78 of the CPLR. While that may be the case, the court will disregard errors in form since in the event the circumstances warrant relief, it should be granted in appropriate form. (CPLR 103, subd. [c].)
Respondent further argues that petitioner Ewen lacks the requisite standing to sue and is not a proper party to this proceeding, and that the petition is therefore not verified by a party. While this too appears to be the case, the court will similarly overlook that defect since petitioner Zellan is a proper party aggrieved by a determination of the respondent, and has verified the reply substantially reiterating the allegations of the petition.
Proceeding to the merits, the statutory mandate of section 82 of the Civil Service Law is clear. In the absence of a vested contractual right to a sabbatical leave, no Board of Education may approve a sabbatical after April 12, 1971 where the leave encompassess the period July 1, 1971 to June 30, 1972. Thus, the resolution of this litigation will turn on whether on April 12, 1971 petitioner Zellan had a vested contractual right to a sabbatical leave.
The collective bargaining agreement in dispute here does not require the Board of Education to grant any sabbatical leaves in a given year. Wliile the agreement states the “ Superintendent shall make every effort to approve not less than 2% of the teaching staff ”, nowhere is the Board of Education bound to grant any sabbaticals whatsover. To the contrary, the agreement specifically reserves to the board the right to reject all applications.
In the absence of contractual provisions to the contrary, the grant or denial of sabbatical leaves is a fiscal and policy matter within the discretion of the Board of Education. (See Matter of Kabatt v. Graves, 256 App. Div. 1022.) That the board agreed in advance to consider applications from qualified individuals does not bind the board to approve those applications. As has been noted in a similar case involving construction of the same statute, the collective bargaining agreement: ‘1 gives the members the right to apply for sabbatical leave * * * and goes on further to state that the granting of sabbatical leave shall not be automatic. Thus, the only right the employee had was the right to apply for the sabbatical. The final decision lay with the [Board of Education] and the argument by petitioner that such approval was merely pro forma has no merit”. (Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ., 67 Misc 2d 648, 649.)
*558 Petitioner Zellan had no vested right on April 12, 1971 to a sabbatical leave. The respondent is barred by section 82 of the Civil Service Law from giving him a sabbatical leave this year. Accordingly, this proceeding must be dismissed on the merits,. with costs and disbursements to respondent.