Bertram Harnett, J.
Faculty members in the Plainedge public schools had instituted this proceeding to review a decision of their Board of Education denying applications for sabbatical leave. In a memorandum decision dated July 15,1971, this court dismissed the petition on the ground that the faculty members had no vested contractual right to a sabbatical leave of absence on April 12, 1971 and that on that date, section 82 of the Civil Service Law barred the board from granting any sabbatical leaves. (Matter of Ewen v. Board of Educ. of Union Free School Dist. No. 18 of Plainedge, 67 Misc 2d 555.)
Mr. Zellan, one of the faculty members, now argues that his application was for a ‘ ‘ summer sabbatical leave ’ ’ which is a kind not prohibited by section 82 of the Civil Service Law.
*559 The original submission and oral argument proceeded on the assumption that the case involved a ‘ ‘ sabbatical leave ’ ’ as defined in the statute. In the absence of any claim by the parties that the statute was not applicable, the court did not at that time consider any issue of statutory inapplicability. However, that issue is now raised and in the interests of justice the court grants leave to reargue and will consider the merits of the assertion. Section 5 of article VIII of the collective bargaining agreement for the Plainedge faculty provides that: “ (c). Staff members * * * may apply for leave of absence with full pay for one-half year, or half pay for a full year or a summer sabbatical leave ***(d)*** summer sabbatical leave shall be spread over three (3) consecutive summers to be compensated at the rate of 1/61 of the salary of the school year of the first summer of the award for each of the three (3) summers ”. Prohibited leaves of absence or sabbatical leaves are defined under paragraph (a) of subdivision 1 of section 82 of the Civil Service Law as: “ any period during which an employee is away from his employment for more than one week at a time where such employee is receiving all or a portion of his regular compensation. However, the terms shall not include * * * (1) any regular vacation period; (2) any sick leave authorized bylaw; or (3) any leave of absence or sabbatical leave of absence granted without compensation ’ ’.
A teacher such as Mr. Zellan is an employee of the school system. He works during the school year and has the summer “ off ”. Under the procedure followed in the Plainedge schools, his whole year’s salary is paid over 10 months as a matter of administrative convenience. There is no legal bar to making payments of the salary over a 12-month period. Indeed, section 1(a) of article VII of the Plainedge schools’ collective bargaining agreement provides faculty members an option for payment of the salary on a 26 biweekly payment basis.
Mr. Zellan’s “ regular compensation ” encompasses the summer months, even if the yearly pay is meted out to him over the 10-month school year at his election, and is compensation for services rendered during the ten-month school year. (Education Law, § 3101, subd. 3.) He is no less a teacher of the Plainedge system during the summer than during the winter.
The manifest intent of the statute is economy, to preclude the added expense elements implicit in the sabbatical procedure. Sabbaticals in Plainedge are of three kinds, one year at half pay, one-half year, at full pay, or three summers at 1/6 pay. It should not matter which of the three compensable sabbatical alternatives are utilized.
*560 This conclusion is no different because the summer is a' regular vacation period. The exclusion of “ any regular vacation period ” (Civil Service Law, § 82, subd. 1, par. [a]) means only that the statute is not intended to prohibit regular vacations.
Summer sabbaticals in Plainedge are barred by the statute. Even if they were not, their grant is still discretionary with the Board of Education in accordance with the principles previously discussed in the prior opinion of the court.
Accordingly, the court will adhere to its original decision.