Joseph Life, J.
In this proceeding pursuant to article 78 of the CPLR a group of teachers ask for a judgment which would reinstate sabbatical leaves granted them in March of this year. They seek also to vacate resolutions of respondent Board of Education rescinding the earlier resolution granting the leaves. The relief sought is granted.
Section 82 of the Civil Service Law (L. 1971, ch. 124, eff. April 12, 1971) which apparently was enacted in an economy move provides in part (subd. 2) that there were to be no leaves of absence or sabbatical leaves for one year from July 1, 1971. The statute went on to say that the law ‘ ‘ shall not be construed so as to impair any contractual right to a leave of absence or sabbatical leave of absence where such contractual right was in existence and enforceable prior to the effective date of this section.” (Subd. 3.) Therefore, the determination of this matter will turn on whether or not petitioners acquired a vested right to sabbatical leaves prior to the effective date of the moratorium imposed by section 82 of the Civil Service Law.
*659 As required by the respondent Board of Education the petitioners prior to November 2, 1970 submitted their requests for sabbatical leaves for the school year 1971-1972. Thereafter, at the meeting of the board held on March 11,1971, the applications for leave “ during the 1971-1972 school year ” were approved. On March 12,1971, Harold A. Beall, Superintendent of Schools, informed the petitioners by mail that their requests had been approved. Thus the right to sabbatical leaves vested in petitioners prior to the effective date of section 82 of the' Civil Service Law. Respondents do not deny that the sabbaticals were approved by the Board of Education.
The collective bargaining agreement made as of July 1, 1970 for a term of one year from that date to June 30,1971 provided (art. V [C] [1]) that sabbatical leaves were to be given “ to two and one-half percent of the district’s teachers per year.” Obviously, it seems to us that “ per year ” must mean the year of the contract (the 2y2% might have been more or less than that number in prior or subsequent years). That this is so is supported by the acts of the respondent board. It was in October, 1970 that they announced applications for leave in the school year 1971-1972 had to be made no later than November 2, 1970 and the awards were finally made March 12, 1971. The fact is that the leaves when awarded were granted under the contract in effect but to be exercised in the next year. There is no factual support for the board’s resolution that leaves “ were negotiated and granted pursuant to employee contracts for the current year ” and that since contracts had not been negotiated for the year 1971-1972 the prior resolutions could be rescinded. The board in their last resolutions added a gratuitous statement to the effect that the applications for leave were “ dependent on confirmation by contract negotiations and budgetary allocations ”. The contract contains no such provisions that we were able to find and the notices advising that the leaves had been approved include no such qualification.
The respondents argue that board approval is conditioned on the .signing of a contract for the year in which the sabbaticals are to be taken. There is no provision to that effect in the agreement. They urge that since the leaves were granted while negotiations were going on looking toward an agreement for the year 1971-1972 there was still no contract in effect for that year and that therefore the petitioners had no contractual right. That argument is without merit. The contractual right rose out of the contract then in force and which had been bargained for.
*660 This determination is in accord with the decision of other courts in similar circumstances. (Cf. Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ., 67 Misc 2d 648, mod. 38 A D 2d 524; North Salem Teachers Assn. v. Board of Educ., 67 Misc 2d 315, 317; Mahopac Teachers Assn. v. Board of Educ., 67 Misc 2d 268; Board of Educ., Union Free School Dist. No. 6, Town of Babylon v. Amityville Teachers Assn., N. Y. L. J., Aug. 10, 1971, p. 11, col. 4; Matter of Katz [Nassau Community Coll.], Wachtleb, J., July 14, 1971, Index No. 6868/1971.) The ‘ ‘ enforceable contractual right referred to in chapter 124 of the Laws of 1971 is a right accruing to the individual teacher applicants for sabbaticals, rather than a vested contractual right by virtue of the employment contract between the Teachers Association and the school district.” (Mahopac Teachers Assn. v. Board of Educ., supra, p. 269). Accordingly, respondents are directed to reinstate the sabbatical leaves previously granted to the petitioners. Petitioner Doris Momjian was allegedly seeking a sabbatical leave for the period 1971-1972. Therefore, the date in the original petition which bears a correction by red pencil concerning the commencement of the sabbatical is deemed to read September 1, 1971.