◼     In the Matter of RALPH MESSANO et al., Respondents, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 23, MASSAPEQUA, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR (1) to compel reinstatement of petitioners' sabbatical leave schedules and (2) to annul the resolution of appellant Board of Education, adopted May 13, 1971, refusing sabbatical leave to all its employees, the appeal is from a judgment of the Supreme Court, Nassau County, dated January 7, 1972, which granted the petition. Judgment reversed, on the law, without costs, resolution confirmed and proceeding dismissed. In our opinion, petitioners, whose applications for sabbatical leaves were granted prior to April 12, 1971, the effective date of subdivision 2 of section 82 of the Civil Service Law (L. 1971, ch. 124), had no existing and enforceable contractual right to such leaves on that date. We think that such a right would have arisen only out of the labor contract between the appellant Board of Education and the Federation of Teachers establishing the respective rights and obligations of the parties for the school year 1971–72. No such agreement was in effect on April 12, 1971. Petitioners have not denied the assertion by appellants that in prior years both parties treated the number and type of leaves to be granted during a given school year as being governed by the contract for that year. The interpretation urged by petitioners — that the contract for the school year 1970–71 established the contractual right to sabbatical leaves for school year 1971–72 — is inconsistent

580

with that prior course of conduct and would tend to render the emergency legislation futile, since virtually all leaves during the moratorium period would have already been contractually protected on the effective date of the statute. Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur. [68 Misc 2d 658.]