■ In the Matter of BOARD OF EDUCATION, CENTRAL HIGH SCHOOL DISTRICT No. 3, NASSAU COUNTY, Respondent, v. TEACHERS ASSOCIATION, CENTRAL HIGH SCHOOL DISTRICT No. 3, INC., Appellant.— In a proceeding to stay arbitration sought by appellant, an association of teachers, with respect to a certain non-tenured teacher who had been dismissed by petitioner, the appeal is from an order of the Supreme Court, Nassau County, dated June 8, 1973, which granted the application. Order reversed, on the law, with $20 costs and disbursements, and application denied. We agree with Special Term's conclusion that the teacher in question, Mrs. Merrill, could be discharged at will and appellant agreed on argument of this appeal that that conclusion could not be altered by the outcome of the desired arbitration proceeding. In our opinion, however, appellant does have the right to maintain the arbitration proceeding to enforce certain provisions of its collective bargaining agreement which, it is alleged, have been violated. Appellant contends that the basis, at least in part, for Mrs. Merrill's having been denied appointment as a tenured teacher was oral and written complaints lodged against her by parents of her students. Presumably, if such complaints did in fact exist and served as a predicate for Mrs. Merrill's discharge, it is certain that they were made a part of her permanent teaching record. Section E of article III, section I of article XVI and section C of article XVII of the parties' collective bargaining agreement combine to give a teacher the right with the aid of a representative of appellant to investigate, examine, challenge, dispute and attempt to have deleted from her record any complaint which was made against her. There are certain procedures, conferences and confrontations prescribed in the agreement to which an aggrieved teacher is entitled in order that she may seek vindication in such circumstances. It appears from the record presently before us that Mrs. Merrill was never afforded the opportunity to avail herself of her rights in this respect. Appellant, as Mrs. Merrill's representative, and as a party who may be aggrieved under the agreement on its own behalf, may seek to enforce the

agreement when its terms have been violated. That Mrs. Merrill may no longer work as a teacher for petitioner is immaterial in this respect. Both she, as a professional teacher and as a party to the agreement, and appellant as her alter ego, have an interest in enforcing the provisions of the agreement and in seeing to it that any deleterious, invalid or slanderous material included in her permanent record is deleted. Though her position with petitioner has been terminated, it is conceivable that she may seek employment elsewhere. If there is material in her record that is untrue which would prejudice her future opportunities as a teacher, she ought to be afforded an opportunity, through appellant's grievance, to examine it, challenge and dispute it if she can, and, if it is proved to be false or slanderous, to have it deleted. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.