Breitel, J.
 

 In a proceeding to confirm an arbitration award against respondent Board of Education, petitioner Associated Teachers of Huntington, Inc. appeals. The issues are whether the arbitrator in ordering the board to grant sabbatical leaves to the teachers contravened the State’s Sabbatical Leave Moratorium Act, and, if so, whether the act expressed so strong a
 
 *232
 
 public policy as to require vacating an award otherwise not reviewable for errors of law.
 

 The arbitrator ruled in favor of the association and ordered the board to grant the sabbaticals in the exercise of a good faith judgment. The Supreme Court confirmed the award. The Appellate Division reversed by a 3 to 2 vote on the law and vacated the award.
 

 The order of the Appellate Division should be reversed, and Special Term’s judgment confirming the award should be reinstated. Under its agreement with the board, the association had an existing and enforceable contractual right to the sabbaticals at the time of the effective date of the Moratorium Act. Therefore, the arbitrator’s award neither contravened the statute nor its public policy. Moreover, the issue was a proper subject for arbitration and, in any event, the limited public policy involved did not justify a judicial overriding of the arbitrator’s award.
 

 Faced with a severe fiscal crisis on both State and local levels, the Legislature enacted in 1971 a law declaring a moratorium on leaves of absence and sabbatical leaves of absence for the 1971-1972 school term, effective immediately and therefore with the Governor’s approval effective April 12, 1971 (Civil Service Law, § 82; L. 1971, ch. 124). To avoid conflict with section 10 of article I of the United States Constitution, subdivision 3 of the “ Moratorium Act ” specified that its provisions “ shall not be construed so as to impair any contractual right to a leave of absence or sabbatical leaves of absence where such contractual right was in existence and enforceable prior to the effective date of this section.”
 

 There was then in existence on April 12, 1971 a collective bargaining agreement between petitioner association and , respondent board, covering the period 1969-1971, previously held valid by this court
 
 (Board of Educ. of Union Free School Dist. of
 
 No.
 
 3 of Town of Huntington
 
 v.
 
 Associated Teachers of Huntington,
 
 30 N Y 2d 122). Article XVI-J of this agreement covered sabbatical leaves, enumerating criteria for eligibility and the policies to which the board would adhere in making its discretionary judgments. Subdivision 3 specified that no more than 3% of the staff would be granted sabbatical leaves in any one year. Subdivision 4 required that applications be filed on or
 
 *233
 
 before April 1 of the preceding school year, and indicated that the board would ordinarily act upon the applications during the month of April. •
 

 By April 1,1971, 21 teachers had applied for sabbaticals beginning July 1,1971. However, on May 1,1971, the superintendent of schools notified all teachers that pursuant to the intervening Moratorium Act, the board would grant no leaves of absence for the 1971-1972 school year. None of the applications had been acted upon at that time.
 

 Three applicants claimed that they had been wrongfully denied the benefits of the sabbatical provisions, and the unresolved dispute was submitted without objection to arbitration. The arbitrator ruled that the association had an existing enforceable contract right on April 12, 1971, and thus was excluded from the moratorium. He ordered the board to grant the sabbaticals pursuant to article XVT-J. Special Term confirmed the award. The Appellate Division, reversing, held that as a matter of law no enforceable contract right existed; therefore the arbitrator’s award violated the Moratorium Act and subverted its public policy. The arbitrator was deemed to have exceeded his powers, and the award therefore vacated (CPLR 7511, subd. [b], par. 1, cl. [iii]).
 

 The collective bargaining agreement created existing and enforceable, albeit conditional, contractual rights to sabbaticals for association members. Those rights were extant on April 12,1971 when the Moratorium Act took effect. The introductory paragraph of article XVI-J is mandatory in tone:
 
 “
 
 the Board shall adhere to the following policies in respect to granting sabbatical leaves ’ \ The board is thus obligated to apply the criteria enumerated in the succeeding paragraphs, and while discretion in the board is discernible, it is circumscribed by the implicit requirement for good faith appraisal of the various applications.
 

 That the board would be the final judge whether each applicant met the conditions necessary to receive the benefits of, the agreement does not negate the existence of an enforceable contract right. Both common law and statutory law recognize the existence of contractual obligations where either the satisfactory performance of one party or the existence of conditions precedent is left solely to the good faith judgment of the other
 
 *234
 
 party. (E.g.,
 
 Studner
 
 v;
 
 H. & N. Carburetor Co.,
 
 230 N. Y. 534;
 
 Baker
 
 v.
 
 Chock Full O ’Nuts Corp.,
 
 30 A D 2d 329;
 
 Zeiss
 
 v.
 
 American Wringer Co.,
 
 62 App. Div. 463; see 10 N. Y. Jur., Contracts, § 301, with respect to conditions of personal satisfaction. See, also, Uniform Commercial Code, §§ 1-208, 2-311, covering options to accelerate performance and to specify particulars of performance;)
 

 It is also irrelevant that the board could not grant sabbatical leaves to all 21 applicants, no individual teacher therefore being certain on April 12,1971 of receiving the benefits. The contractual rights arid obligations ran between the board and the association, and the applicants for sabbaticals, as a group, had contractual interests, at least analogous to those of third-party beneficiaries.
 

 It is not necessary that third-party beneficiaries be identified or identifiable at the time of the making of a contract
 
 (Vandewater & Lapp
 
 v.
 
 Sacks Bldrs.,
 
 20 Misc 2d 677, 680; 10 N. Y. Jur., Contracts, § 241; Restatement, Contracts, § 139; 4 Corbin, Contracts, § 781). A third-party beneficiary has no right to enforce the contract himself until such time as he. is identified (10 N. Y. Jur., Contracts, § 241). Nevertheless, the promisee has an undisputed right to enforce the contract made for the benefit of third parties
 
 (Croker
 
 v.
 
 New York Trust Co.,
 
 245 N. Y. 17, 20;
 
 Rosenblatt
 
 v.
 
 Birnbaum,
 
 20 A D 2d 556, affd. 16 N Y 2d 212; Restatement, Contracts, § 138; 10 N. Y. Jur., Contracts, § 233, n. 17).
 

 The board’s obligation to grant the sabbaticals in good faith, up to the 3% limitation, was thus extant and enforceable by the promisee association on April 12, although the ultimate particular beneficiaries were, and still are unascertained. The enforceable right was that of the association, not the 21 applicants, arid the arbitrator’s award vindicates only that right..
 

 Recent cases in which lower courts held that various boards of education were under no contractual obligation to. grant sabbaticals wheri the Moratorium Act intervened, are distinguishable from the present one. In
 
 Matter of Ewen
 
 v.
 
 Board of Educ.
 
 (67 Misc 2d 555, affd. 39 A D 2d 605), the collective bargaining agreement expressly reserved to the board the right to reject all applications (67 Misc 2d, at p. 557). In
 
 Legislative Conference of City Univ. of N. Y.
 
 v.
 
 Board of Higher Educ. of City of N. Y.
 
 
 *235
 
 (67 Misc 2d 648, mod. on other grounds 38 A D 2d 524, mot. for lv. to app. den. 30 N Y 2d 481), the agreement emphasized that “ the granting of sabbatical leave shall hot be in any sense automatic ” (67 Misc 2d, at p. 649). Although the latter case presents a close parallel, the language in the agreement there involved is distinguishable from that in the present agreement, and in any event did not involve the invoking of an arbitration, an additional material difference.
 

 In summary, then, there existed on April 12,1971, an enforceable contractual obligation in favor of the association, and thus the arbitrator’s award did not violate the Moratorium Act and should be confirmed. Moreover, even assuming that the contractual right were unenforceable, and that the arbitrator mistook the law in this respect, this is a case in which his determination should be unchallengeable.
 

 Absent provision to the contrary in the arbitration agreement, arbitrators are not bound by principles of substantive law or rules of evidence
 
 (Matter of Raisler
 
 [N.
 
 Y. City Housing Auth.),
 
 32 N Y 2d 274, 282;
 
 Lentine
 
 V.
 
 Fundaro,
 
 29 N Y 2d 382, 385, and cases there cited). Their duty is to reach a just result regardless of the technicalities
 
 (Matter of Raisler
 
 [N.
 
 Y. City Housing Auth.],
 
 32 N Y 2d 274, 285,
 
 supra).
 
 Even where the arbitrator states an intention to apply a law, and then misapplies it, the award will not be set aside
 
 (Matter of Schine Enterprises [Eeal Estate Portfolio of
 
 A.
 
 7.],
 
 26 N Y 2d 799, 801). The arbitrator’s award here could not be vacated by force of a conclusion that he incorrectly applied the law of contracts.
 

 Over the years, however, a small number of problems have been recognized as so interlaced with strong public policy considerations that they have been placed beyond the reach of the arbitrators’ discretion. In
 
 Matter of Aimcee Wholesale Corp. (Tomar Prods.)
 
 (21 N Y 2d 621, 626-627) this court held that antitrust law controversies were of such great importance to tlje people of the State that they could not be left to commercial arbitration (see, also,
 
 Matter of Allied Van Lines [Hollander Express & Van Co.],
 
 29 NY 2d 35, .41-43). Matters involving the liquidation of insolvent insurance companies have been held nonarbitrable where a State statute vests exclusive jurisdiction over these proceedings in the Supreme Court
 
 (Matter of Knickerbocker Agency [Holz],
 
 4 N Y 2d 245, 251-254). And the pre
 
 *236
 
 liminary determination as to whether a purported sales agreement is in fact a usurious and illegal loan is the province of courts, not arbitrators
 
 (Durst
 
 v.
 
 Abrash,
 
 22 A D 2d 39, 44, affd. 17 NY 2d 445).
 

 The Appellate Division would, in light of the Moratorium Act, -place this dispute and others like it beyond the scope of arbitration. While here the procedural result is a vacatur pursuant to CPLE 7511 (subd. [b]) the decision implies that such sabbatical disputes are nonarbitrable from their incipiency. Indeed, the Appellate Division made this view explicit in a subsequent case (see
 
 Central School Dist. No. 2 of Towns of Ramapo, Clarkstown and Haverstraw
 
 v.
 
 Ramapo Cent. School Dist. No. 2 Teachers Assn.,
 
 67 Misc 2d 317, 320, affd. 40 A D 2d 861).
 

 The issue of sabbatical leaves under the Moratorium Act should not, however, be deemed inarbitrable for fear of contravening public policy. As Mr. Justice Hopkins aptly noted in his dissenting opinion below, arbitration is considered so preferable a means of settling labor disputes that it can be said that public policy impels its use (see
 
 Matter of Howard & Co. v. Daley,
 
 27 N Y 2d 285, 289-290;
 
 Matter of Long Is. Lbr. Co. [Martin],
 
 15 N Y 2d 380, 385).
 

 In a case involving the same collective bargaining agreement at issue here, this court recognized the importance of arbitration in settling disputes between boards of education and teachers. In
 
 Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington
 
 v.
 
 Associated Teachers of Huntington
 
 (30 NY 2d 122, 131,
 
 supra)
 
 the court rejected the board’s claim that the grievance provision permitting arbitration following dismissal of a tenure teacher was unlawful where the tenure law (Education Law, § 3020-a) provided two other modes of appeal. Chief Judge Fuld, writing for a court unanimous on this issue, noted that “it is the. declared policy of this State to encourage ‘public employers and * * * employee organizations to agree upon procedures for resolving disputes’ (Civil Service Law, § 200, subd. [cj). And arbitration is, of course, part and parcel of the administration of grievances ” [citations omitted] (30 N Y 2d, at p. 131).
 

 Accordingly, the order of the Appellate Division vacating the arbitrator’s award should be reversed, with costs, and the order
 
 *237
 
 and judgment at Special Term, confirming the award, be reinstated.
 

 Chief Judge Fuld and Judges Burke, Jasen, G-abrielli, Jones and Waohtler concur.
 

 Order reversed, etc.