■ BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEWBURGH, Respondent, v NEWBURGH TEACHERS ASSOCIATION, Appellant.— In a proceeding pursuant to CPLR article 75 to stay arbitration and to vacate a demand therefor, the appeal is from an order of the Supreme Court, Orange County, dated October 11, 1974, which granted the application. Order reversed, on the law, without costs, proceeding dismissed on the merits, and the parties are directed to proceed to arbitration. Petitioner

entered into a collective bargaining agreement with appellant, an association of teachers. Article XI of the agreement sets forth procedures for the evaluation of teachers and article III thereof includes a procedure for the submission of grievances to arbitration. Article III (§ 2, subd 1), in defining "grievance", excludes "any matter as to which", *inter alia,* "a method of review is prescribed by law, or by any rule or regulation of the State Commissioner of Education having force and effect of law". Ms. Beverly Nickles was employed by petitioner as a probationary teacher and had not yet been granted tenure when petitioner's superintendent of schools notified her that he would recommend to petitioner that her services be discontinued. Before petitioner acted upon the superintendent's recommendation, appellant, on behalf of Ms. Nickles, filed a grievance in which it claimed that petitioner had failed to comply with the evaluation procedures set forth in the agreement. Petitioner subsequently accepted the superintendent's recommendation and, several weeks thereafter, petitioner's president advised appellant that the matter concerning Ms. Nickles did not constitute a grievance under the agreement. After being so advised, appellant filed a demand for arbitration, whereupon petitioner made the instant application. Petitioner claims, in effect, that, although appellant's grievance alleges a failure to comply with the contract provisions concerning evaluation procedures, the real purpose of the grievance is to challenge the termination of employment of Ms. Nickles, that there is a method of review available under existing statutes concerning petitioner's decision and that, therefore, under the agreement's above-mentioned exclusionary clause, the matter is not a grievance and therefore is not arbitrable. In our opinion, however, it is not the termination of employment of Ms. Nickles for which arbitration is sought, but rather petitioner's failure to comply with certain evaluation procedures *(Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47). In this regard, it should be noted that at the time the grievance was filed the superintendent's recommendation had not yet been accepted by petitioner; consequently, there was no dismissal to challenge at that time. Hence, the exclusionary clause does not apply under the circumstances of this case since, at the time the grievance was filed, there was no method available to review the alleged failure to comply with evaluation procedures other than through the grievance procedure set forth in the agreement. It should further be noted that, although it appears that Ms. Nickles has since found employment elsewhere, such employment does not render the grievance academic *(Matter of Board of Educ., Cent. High School Dist. No. 3, v Teachers Assn., Cent. High School Dist. No. 3,* 43 AD2d 706). Accordingly, an arbitrable dispute exists and the matter should proceed to arbitration. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.