39 N.Y.2d 167 (1976)
Board of Education, Bellmore-Merrick Central High School District, Nassau County, Respondent,
v.
Bellmore-Merrick United Secondary Teachers, Inc., Appellant.
Court of Appeals of the State of New York.
Argued February 12, 1976.
Decided April 6, 1976.
Joseph S. Rosenthal and Edward Cherney for appellant.
Eli Wager, Jerome H. Ehrlich, Charles D. Maurer and Eugene S. Ginsberg for respondent.
Chief Judge BREITEL and Judges JASEN, JONES, WACHTLER, FUCHSBERG and COOKE concur.
*169 GABRIELLI, J.
The questions posed for our consideration on this appeal are whether an arbitrator may order the temporary reinstatement of a probationary teacher as a remedy for breach of certain procedural guarantees afforded to such a *170 teacher under a collective bargaining agreement and, further, whether a court may limit the remedial powers of the arbitrator prior to the arbitration proceeding.
Petitioner appointed Valerie Merrill to a nontenured position in September, 1970. In March, 1973, she was advised by petitioner that she would not be recommended for tenure, and, in April, 1973, petitioner took formal action denying her tenure. Thus, her employment was scheduled to cease at the termination of her probationary period, June, 1973. Prior to the denial of tenure by petitioner, respondent filed a grievance under its collective bargaining agreement, alleging that Mrs. Merrill was denied tenure on the basis of certain parents' complaints of which she had never been apprised and which she had not been offered the opportunity to refute, in violation of the collective bargaining agreement. Petitioner rejected the grievance on the ground that subdivision 1 of section 3013 of the Education Law and article XX(A) of the agreement conferred upon petitioner the absolute power to terminate the services of a probatinary teacher. Respondent then demanded arbitration in accordance with the grievance procedure in the contract and petitioner instituted this proceeding to stay arbitration.
Special Term granted the application on the ground that a board of education possesses plenary power to terminate the services of a probationary teacher. The Appellate Division, however, unanimously reversed and held that respondent had a right to maintain an arbitration proceeding to enforce the provisions of the collective bargaining agreement which had allegedly been violated (43 AD2d 706). That court also stated that, if respondent's claim were meritorious, Mrs. Merrill should be given the opportunity to refute the complaints against her and have any false or slanderous material deleted from her record, irrespective of the fact that petitoner could terminate her employment at will. Upon submission of the dispute to arbitration, the arbitrator found that Mrs. Merrill's dismissal was based on parents' complaints and that the "conferences and confrontations" required by the collective bargaining agreement had not been afforded to her. Consequently, he concluded that there had been a violation of the agreement and ruled that the appropriate remedy was reinstatement without tenure for a period of time sufficient to enable petitioner to re-evaluate Mrs. Merrill in accordance with the procedures specified in the agreement after which *171 time it would be free to exercise its power to terminate her services.
Petitioner then moved at Special Term to set aside the award. That court held that the Appellate Division had limited the arbitrator's remedial powers and that the only remedy available to the arbitrator was the deletion of false and slanderous material from the teacher's file. The Appellate Division unanimously affirmed, without opinion.
The threshold issue is whether the Appellate Division properly precluded the arbitrator's award of temporary reinstatement to a nontenured position by its recognition of the fact that "the teacher in question, Mrs. Merrill, could be discharged at will" and "that conclusion could not be altered by the outcome of the desired arbitration proceeding." (43 AD2d 706.) Petitioner argues that the Appellate Division circumscribed the arbitrator's remedial powers and, further, that respondent's acknowledgment of the ultimate power of petitioner to discharge Mrs. Merrill amounts to an admission which bars the arbitrator's award. Parenthetically, it should be noted that resting unchallenged is the Appellate Division finding that section E of article III, section I of article XVI and section C of article XVII of the collective bargaining agreement combine to afford a teacher the right, with the aid of a representative, to investigate, examine, challenge, dispute and attempt to have deleted from her record, complaints registered against her.
We have repeatedly emphasized that the role of the courts in deciding questions of arbitrability, especially in the labor relations field, is a constricted one and the Legislature itself has provided that a court may not "consider whether the claim with respect to which the arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501). Courts are limited to the determination that a dispute within the import of the arbitration agreement exists (see Matter of Long Is. Lbr. Co. [Martin], 15 N.Y.2d 380, 384-385; Matter of Howard & Co. v Daley, 27 N.Y.2d 285, 290). Indeed, we have asserted that public policy prefers arbitration as a device for the resolution of labor controversies and frowns upon judicial attempts to resolve such disputes (Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington, 33 N.Y.2d 229, 236).
Thus, even if the Appellate Division did attempt to restrict *172 the powers of the arbitrator, if could not have limited the scope of the authorized remedy which the latter could afford. However, we need not go so far because a fair reading of the Appellate Division opinion reveals that the court did not in fact seek to impose restrictions on the arbitrator. The opinion merely recognizes that, ultimately, even if petitioner faithfully discharged its obligations under the collective bargaining agreement, it was empowered, pursuant to statutory authority and its rights under the agreement, to dismiss Mrs. Merrill. The arbitrator's award did not abrogate the uncontroverted power of petitioner to determine, according to substantive criteria, which employees should be granted tenure. Similarly, respondent's acknowledgment of petitioner's power did not constitute an admission that temporary reinstatement, without tenure, could not be awarded. It is immaterial that the Appellate Division did not state with particularity the availability of this remedy in its opinion. Furthermore, it was not necessary that respondent specifically seek temporary reinstatement since we have indicated that arbitration is analogous to a proceeding in equity and the arbitrator, like the Chancellor, is not strictly limited to remedies requested by the parties but is empowered to "reach a just result regardless of the technicalities" (Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington, 33 N.Y.2d 229, 235, supra; Matter of Feuer Transp. [Local No. 445], 295 N.Y. 87, 92; see, also, Eager, The Arbitration Contract and Proceedings, § 121, p 316). Thus, there is no quarrel with the contention that petitioner is cloaked with the plenary power ultimately to discharge probationary employees at will; rather, appellant has maintained, and the arbitrator has ruled, that in its evaluation of Mrs. Merrill, petitioner was obliged to follow the procedures to which it had agreed in the collective bargaining agreement and to which Mrs. Merrill was certainly and concededly entitled. The Appellate Division could not, and indeed did not, prevent the arbitrator from ordering the temporary reinstatement of Mrs. Merrill without tenure in order that she might be evaluated in accordance with the procedures in the collective bargaining agreement.
Petitioner also argues, and without merit we think, that the arbitrator's award violated public policy and, hence, was properly annulled by Special Term. Of course, the arbitrator's *173 award could not result in an automatic grant of tenure, thus rendering nugatory respondent's power to discharge a nontenured teacher (Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y., 38 AD2d 478, affd 31 N.Y.2d 926). Nevertheless, it has been recognized that a board of education may be limited in its power to discharge a probationary teacher without explanation by the terms of a collective bargaining agreement (Matter of Lezette v Board of Educ., Hudson City School Dist., 35 N.Y.2d 272, 278). As Presiding Justice GOLDMAN remarked in sanctioning the remedy of temporary reinstatement in a case involving breach of similar provisions in a collective bargaining agreement, "[t]he evaluation provisions of the agreement were intended to benefit all probationary teachers. The Board's power to dismiss without explanation should not be deemed a license to violate these bargained for rights" (Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn., 41 AD2d 47, 52). The temporary reinstatement awarded here does not eviscerate the public policy mandate that a board of education evaluate the requisite competence and merit of a teacher before the conferral of tenure (see Legislative Conference, supra, p 481; NY Const, art V, § 6). The award merely requires that respondent follow precedures it has agreed to adopt in its decision-making process in the area of tenure. Finally, it should be noted that there is no claim that public policy barred petitioner from agreeing to provide certain procedural guarantees for nontenured teachers (cf. Syracuse Teachers Assn. v Board of Educ., Syracuse City School Dist., 35 N.Y.2d 743, 744; Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.], 37 N.Y.2d 614, 616-617).
Accordingly, the order of the Appellate Division should be reversed and the award of the arbitrator reinstated, with costs.
Order reversed, etc.