Cooke, J.
(dissenting). The collective bargaining agreement between the Board of Education of the City of Cohoes and the Cohoes Teachers Association provided: "No teacher shall be discharged, disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage without just cause” (art VII, par I). Far from being contrary to public policy, this term of the agreement is consistent with and in furtherance of public policy.
Section 2509 of the Education Law, a part of article 51, is applicable here (Education Law, § 2501). Subdivision 2 of said section (as amd by L 1971, ch 732, eff Sept. 1, 1971) provides: "2. At the expiration of the probationary term of any persons appointed for such term, or within six months prior thereto, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory. By a majority vote the board of education may then appoint on tenure any or all of the persons recommended by the superintendent of schools. Such persons and all others employed in the teaching service of the schools of such school district who have served the full probationary period shall hold their respective positions during good behavior and efficient and competent service, and shall not be removable except for cause after a hearing as provided by section three thousand twenty-a of such law. Failure to maintain certification as required by this chapter and the regulations of the commissioner of education shall constitute cause for removal” (emphasis added). Thus, it is the law’s express policy that there be recommended for appointment on tenure those who have been found "competent, efficient and satisfactory” at the expiration of the probationary term or within six months prior thereto and, also, that those who have served the full probationary period shall hold their positions during "good behavior and efficient and competent service” and shall not be removable "except for cause.” A contract that a teacher shall not be discharged "without just cause”, if anything, furthers the statutory objective. Indeed, section 6 of article V of the State Constitution requires that all appointments in the civil service of the State and its civil divisions be made according to merit and fitness.
*780 The statute provides that upon the recommendation of the superintendent of schools the board of education "may” appoint those recommended. Since the matter of appointment was within the control of the board, it had the right to make an agreement within the statutory frame, an agreement not to discharge without cause, and so to appoint those who were competent, efficient and satisfactory. No attempt has been made to require the appointment of those not competent, efficient and satisfactory, nor could there be.
Any thought that the board of education would be required by such an interpretation to appoint more teachers than necessary or for whom an appropriation had not been made, is answered by subdivision 7 of the same section which contemplates that in such instances the board would not be required to appoint. Said subdivision provides: "7. Notwithstanding any other provision of this section no period in any school year for which there is no required service and/or for which no compensation is provided shall in any event constitute a break or suspension of probationary period or continuity of tenure rights of any of the persons hereinabove described.” A board of education, acting in good faith and with reasonable judgment, may abolish a teaching position held either by a probationary or a tenured teacher (Matter of Lezette v Board of Educ., 35 NY2d 272, 278).
The upholding of the disputed portion of the collective bargaining agreement is also supportive of the " 'declared policy of this State to encourage "public employers and * * * employee organizations to agree upon procedures for resolving disputes” ’", arbitration being considered so preferable a means of settling labor disputes that it can be said that "public policy impels its use” (Matter of Associated Teachers of Huntington v Board of Educ., 33 NY2d 229, 236; Civil Service Law, § 200).
I dissent, therefore, and vote to reverse. The award of the arbitrator should be reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli and Wachtler concur with Judge Jones; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed, with costs.