OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, Rockland County, reinstated.
Gary Vance, a member of the respondent town’s police department, sprained his right thumb while on duty, and claimed to be totally incapacitated thereby. Departmental rules provided that “When on sick leave a member shall not leave his place of confinement or his residence except by permission of the police surgeon or as required for medical aid or treatment.” For the week he was confined pursuant to this regulation, Vance was paid his regular salary but sought overtime compensation for all other hours he was restricted to his home. The arbitrator granted an award for the hours Vance was actually confined, up to normál hours for sleeping, concluding that confinement here was equal to call-back since Vance’s movements were under the total control of the town. On the town’s application pursuant to CPLR 7511, Supreme Court refused to vacate this award, but the Appellate Division modified on the law, on the grounds that the award is not a rational determination and violates public policy in providing a gift of public money. We disagree.
An arbitrator “may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be” (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308). Moreover, public policy favors arbitration as a means of settling labor disputes (Matter of Associated Teachers v Board of Educ., 33 NY2d 229, 236). This court will intervene for reasons of public policy only where a policy “prohibit[s], in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator” (Matter of Sprinzen [Nomberg], 46 NY2d 623, 631).
Here, the arbitrator found Vance entitled to payment because the town’s exercise of control over his activities was equal to its power under the contract to call back the officers for duty outside of normal working hours. To vacate the award would engage the court in fact finding preliminary to the public policy determination, a course we have eschewed in matters concerning arbitration (Matter of Sprinzen [Nomberg] 46 NY2d 623, *679 631, supra). We need not, and do not, address the reasonableness of the confinement regulation in this proceeding to obtain overtime compensation.
Respondent’s remaining contentions are without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum; Judge Titone taking no part.
Order reversed, etc.